STEVEN M. GOLDSOBEL (State Bar No. 166405)
VANDAD KHOSRAVIRAD (State Bar No. 253703)
LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
steve@sgoldsobel.com
vandad@sgoldsobel.com

Attorneys for Defendants
STERLING PATHOLOGY MEDICAL
CORPORATION, CHANGGAO YANG, M.D.,
ELITE MEDICAL BILLING CORPORATION,
AND JENNY CHANG AKA JENNY AU

[*Additional counsel on signature page*]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

THE UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC

Plaintiffs,

v.

ELITE MEDICAL BILLING CORPORATION;

STERLING PATHOLOGY MEDICAL CORPORATION, doing business as STERLING PATHOLOGY NATIONAL LABORATORIES, (also known as STERLING PATHOLOGY MEDICAL GROUP);

CHANGGAO YANG, M.D. (also known as CHANG GAO YANG and CHENGGAO YANG);

MICHAEL OKUNIEWSKI;

ELLIE LEKOV, M.D. (also known as ELLIE SUVOUZ LEKOV, and ELI LEKOV);

JENNY CHANG, ak.a. JENNY AU;

and Does 1-10,

Defendants.

Case No. 1:23-CV-00756-KES-FRS

**STERLING PATHOLOGY MEDICAL CORPORATION AND CHANGGAO YANG, M.D.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Judge: Kenneth Sherriff
Court: 8
Date: March 16, 2026
Time: 1:30 pm

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........ -1-

II. ARGUMENT ........ -2-

A. Relator May Not Assert a Violation of the Anti-Kickback Statute ........ -2-

B. The Complaint Fails to Meet Rule 9(b)'s Pleading Requirements ........ -4-

C. The Complaint Fails to Plead the Required FCA Elements of Falsity, Scienter and Materiality ........ -7-

D. The Complaint Fails to State a Claim under 31 U.S.C. § 3729(a)(1)(G) ........ -9-

E. The Complaint Fails to State a Claim under the California False Claims Act or Unjust Enrichment ........ -10-

F. Relator May Not Seek Leave to Amend in an Opposition ........ -11-

G. Relator's Improper Assertions and Extraneous Filings Are Irrelevant to the Motion to Dismiss and Should Be Disregarded ........ -12-

III. CONCLUSION ........ -15-

# TABLE OF AUTHORITIES

**Cases**

*A.C.C.S. v. Nielsen*,
2019 WL 7841860 (C.D. Cal. Sept. 17, 2019) ..................- 11 -

*Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*,
406 F. Supp. 3d 884 (D. Haw. 2019) ..................- 5 -

*BP W. Coast Prods. LLC v. Greene*,
318 F. Supp. 2d 987 (E.D. Cal. 2004) ..................- 12 -

*Ebeid ex rel. United States v. Lungwitz*,
616 F.3d 993 (9th Cir. 2010) .................. - 4 -, - 5 -, - 6 -

*Falahati v. JPMorgan Chase Bank*,
2009 WL 10675065 (C.D. Cal. Dec. 22, 2009) ..................- 11 -

*Frye v. Ass'n of State & Provincial Psychology Bds.*,
2025 WL 2196646 (E.D. Cal. Aug. 1, 2025) ..................- 8 -

*Gregory v. Houston Ind. Sch. Dist.*,
2016 WL 5661701 (S.D. Tex. Sept. 30, 2016) ..................- 9 -

*In re Bare Escentuals, Inc. Sec. Litig.*,
745 F. Supp. 2d 1052 (N.D. Cal. 2010) ..................- 13 -

*King v. Navy Fed. Credit Union*,
2023 WL 8250482 (C.D. Cal. Oct. 19, 2023) ..................- 11 -

*Law Offices of Mark B. Plummer, PC v. Alai*,
2025 WL 395813 (Cal. Ct. App. Feb. 4, 2025) ..................- 13 -

*Martia v. Specialized Loan Services, LLC*,
2019 WL 2870879 (C.D. Cal. Feb. 28, 2019) ..................- 11 -

*Mayben v. Barnes*,
290 F. Supp. 2d 1169 (E.D. Cal. 2003) ..................- 3 -

*Modares v. Rubio*,
2025 WL 3038581 (C.D. Cal. Aug. 25, 2025)........- 11 -

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) ........- 6 -

*Rios v. Ravi*,
2024 WL 3013674 (E.D. Cal. June 14, 2024) ........- 13 -

*Schneider v. California Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) ........- 8 -

*Titko v. Abbott Lab'ys*,
2019 WL 13214734 (D. Ariz. Aug. 28, 2019)........- 13 -

*United States ex rel. Bashir v. Boeing Co.*,
765 F. Supp. 3d 1111 (W.D. Wash. 2025)........- 3 -

*United States ex rel. Ebu-Isaac v. INSYS Therapeutics, Inc.*,
2021 WL 3619958 (C.D. Cal. June 9, 2021) ........- 10 -

*United States ex rel. Frazier v. IASIS Healthcare Corp.*,
812 F. Supp. 2d 1008 (D. Ariz. 2011) ........- 9 -

*United States ex rel. King v. Solvay Pharms., Inc.*,
871 F.3d 318 (5th Cir. 2017) ........- 3 -

*United States ex rel. Lockwood v. Sanofi US Servs., Inc.,*
2024 WL 5087330 (C.D. Cal. Dec. 9, 2024) ........- 7 -

*United States ex rel. Mason v. State Farm Mut. Auto. Ins. Co.*,
2008 WL 2857372 (D. Idaho July 23, 2008)........- 5 -

*United States ex rel. Nicholson v. MedCom Carolinas, Inc.*,
2020 WL 1245374 (M.D.N.C. Mar. 16, 2020)........- 3 -

*United States ex rel. Nicholson v. MedCom Carolinas, Inc.*,
42 F.4th 185 (4th Cir. 2022) ........- 3 -

*United States ex rel. Reilly v. Adventist Health*,
2020 WL 2522114 (E.D. Cal. May 18, 2020) ........- 3 -

*United States ex rel. Robinson v. HealthNet, Inc.*, 124 F.4th 511 (7th Cir. 2024) ........................................ - 14 -

*United States ex rel. Ruscher v. Omnicare, Inc.*, 663 F. App'x 368 (5th Cir. 2016) ........................................ - 3 -

*United States ex rel. Schwartz v. TRW, Inc.*, 118 F. Supp. 2d 991 (C.D. Cal. 2000) ........................................ - 14 -

*United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ........................................ - 7 -

*United States v. Mead*, 426 F.2d 118 (9th Cir. 1970) ........................................ - 10 -

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176 (2016) ........................................ - 7 -, - 8 -

*Xu v. Nobel Assembly at Karolinksa Institutet*, 2013 WL 5420984 (C.D. Cal. Sept. 17, 2013) ........................................ - 11 -

**Statutes**

31 U.S.C. § 3729(a)(1)(G) ........................................ - 9 -

41 U.S.C. § 8702 ........................................ - 3 -

42 U.S.C. § 1320a-7a(a)(5) ........................................ - 3 -

42 U.S.C. § 1320a-7b ........................................ - 2 -

42 U.S.C. § 1320a-7b(g) ........................................ - 3 -

Fed. R. Civ. P. 8(a) ........................................ - 2 -

Fed. R. Civ. P. 9(b) ........................................ - *passim* -

Fed. R. Civ. P. 15(a)(1)(B). ........................................ - 2 -

Fed. R. Evid. 201(b) ........................................ - 12 -

## I. INTRODUCTION

Defendants Sterling Pathology ("Sterling") and Dr. Yang put forth straightforward arguments in their Motion to Dismiss (Dkt. 24), which demonstrated that Relator's Complaint: (1) failed to plead the necessary elements of falsity, scienter and materiality required for any claim arising under the False Claims Act ("FCA"); (2) failed to plead FCA claims with the requisite particularity under Federal Rule of Civil Procedure 9(b); (3) was unable to assert a cause of action for violation of the federal Anti-Kickback Statute ("AKS"); and (4) failed to state a claim under the California FCA and for unjust enrichment. Defendants' Motion to Dismiss addressed each of the seven claims asserted in Relator's Complaint, explained why the allegations in the Complaint were supported by only conclusory assertions, and detailed why controlling Ninth Circuit case law made clear that Relator's Complaint failed to plead viable causes of action.

Relator's Opposition (Dkt. 31), as well as the more than 200 pages of accompanying materials cited extensively throughout (Dkts. 31-1, 31-2), largely do not take Defendants' arguments head-on. Rather, the Opposition relies on baseless assertions and invective. For example, Relator's Opposition accuses Defendants of flouting local rules and standing orders (Opp. at 1), "pretextually mischaracterize[ing] facts" (*id.* at 2), "inject[ing] manufactured narratives" (*id.*), "generat[ing] unnecessary motion practice" (*id.* at 5), "mislead[ing] the Court" (*id.* at 7), "inject[ing] falsehoods throughout their Motion" (*id.* at 9), and "fail[ing] to identify any plausible alternative explanation for their 'fraudy fraud'" (*id.*).[1] Beyond those remarkable

---

[1] There is no question that the assertions made in Relator's Opposition are intended to distract from the merits of Defendants' Motion to Dismiss. While Defendants (and their counsel) take such assertions seriously, they are entirely without merit. For example, as the docket makes clear, Defendants filed their Motion to Dismiss when this action was assigned to Magistrate Judge Barabara McAuliffe, who has no standing order in place requiring parties to meet and confer before the filing of Motions to Dismiss. (Dkt. 22 (entering Stipulation and Order, which set the briefing deadlines on Defendants' anticipated motions to dismiss).) When Relator raised this Court's standing order with Defendants after the case was reassigned as a basis for demanding that Defendants withdraw their motions, Defendants invited Relator to identify any resolution of Defendants' motions that Relator wished to propose, given that Relator had the benefit of Defendants' arguments for several weeks. Relator did not accept the invitation to confer and the assertions of Relator's counsel to the contrary are inaccurate. Nor did Relator

assertions, it makes a poor attempt at buttressing Relator's deficient complaint by liberally and improperly citing to both a declaration from Relator's nominal counsel and a "request for judicial notice" (cited in the Opposition as "RJN") with documents and information found nowhere in Relator's Complaint and with respect to which judicial notice would be unwarranted.

When it does attempt to address Defendants' arguments, Relator's Opposition mistakes the Complaint's repeated reliance on conclusory assertions, assumptions and the mere repetition of the elements of a particular cause of action for well-pleaded facts. Appropriate scrutiny of the allegations in the Complaint demonstrates that dismissal is required because the Complaint fails to plead viable causes of action under the applicable pleading standards set forth in Rules 8(a) and 9(b) and controlling Ninth Circuit precedent.

## II. <u>ARGUMENT</u>

### A. Relator May Not Assert a Violation of the Anti-Kickback Statute

Because it completely disposes of large portions of the Complaint, Defendants first address the Opposition's misplaced argument that Relator is somehow entitled to assert a claim under the federal Anti-Kickback Statute. The Complaint's "Third Claim" plainly states that it is a claim for "Violation of the Anti-Kickback Statute, 42 U.S.C. § 1320A-7B(B)." The Complaint's alleged AKS claim deals with COVID-19 testing allegedly performed by Defendants, and those allegations are found primarily in the Complaint's Paragraphs 9-10, 90-91, 106, 111-12, 160-61, 217-19 and 249-77.

The AKS is a federal criminal statute. *See* 42 U.S.C. § 1320a-7b (explaining, for example, that whoever violates the AKS "shall . . . be guilty of a felony and upon conviction thereof fined not more than $100,000 or imprisoned for more than 10 years or both"). Simply stated, there is no private right of action allowing a private civil litigant to bring an AKS claim

---

seek to amend the Complaint within 21 days after the Rule 12(b) motion was filed as allowed by Rule 15(a)(1)(B). Fed. R. Civ. P. 15(a)(1)(B).

Likewise, there are numerous reasons as to why the parties ultimately could not agree to the terms of a possible approach to mediation, and there was nothing "surreptitious" about the parties' inability to reach such an agreement, as Relator well knows, yet wrongly asserts. (Opp. at 5.) Nonetheless, Relator's assertions are irrelevant to Defendants' Motion to Dismiss.

either directly or on behalf of the United States. *See, e.g., United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 2020 WL 1245374, at *3-4 (M.D.N.C. Mar. 16, 2020) (explaining that "Relator concedes that there is no private right of action under the AKS" and "[t]he AKS is a federal criminal statute without a private cause of action" (collecting cases) (citation modified)), *aff'd* 42 F.4th 185 (4th Cir. 2022). Nonetheless, there is no question that the Complaint purports to assert just such a claim, which a *qui tam* relator may not do. *See, e.g., United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 324 n.1 (5th Cir. 2017) ("'The AKS provides no private right of action; therefore, a private plaintiff may not sue a health care provider under the AKS alone….' We now reiterate these holdings in a precedential, published opinion." (quoting *United States ex rel. Ruscher v. Omnicare, Inc.*, 663 F. App'x 368, 371 n.2 (5th Cir. 2016))); *United States ex rel. Reilly v. Adventist Health*, 2020 WL 2522114, at *10 (E.D. Cal. May 18, 2020) (same).[2] That ends the inquiry.[3] Even if Relator were to think that the Complaint pleaded a different claim or set forth a different theory of liability, the Complaint itself controls.[4] The Court may not "redraft Plaintiff's complaint" to state a viable cause of action, *Mayben v. Barnes*, 290 F. Supp. 2d 1169, 1174 (E.D. Cal. 2003), whether that would involve coming up with a new theory of liability or recasting the Complaint's allegations as arising under some different statute.

[2] Defendants' Motion to Dismiss cited *United States ex rel. Bashir v. Boeing Co.*, 765 F. Supp. 3d 1111 (W.D. Wash. 2025), as authority in addition to *Reilly.* (Mot. to Dismiss at 24.) As noted in the parenthetical describing the case, the district court's opinion in *Bashir* addressed the absence of a private right of action under the Anti-Kickback Act, 41 U.S.C. § 8702, and the inability to recast a failed FCA claim into such a cause of action, which is likewise true for the AKS. Given the different statute at issue, however, "*cf.*" likely would have been a more fitting introductory signal for the citation to this case.

[3] Contrary to Relator's assertion, 42 U.S.C. § 1320a-7b(g) itself does not create a private right of action under the AKS that would allow Relator to assert a claim for its violation.

[4] Relator accuses Defendants of: (1) attempting to "mislead the Court," with respect to the grounds for dismissal of the AKS claim, (2) suggests it is asserting a claim under 42 U.S.C. § 1320a-7a(a)(5), and (3) implies that the Complaint really asserts an FCA claim as part of the Complaint's "Third Claim." (Opp. at 19.) None of those assertions is true, as the Complaint makes clear.

**B. The Complaint Fails to Meet Rule 9(b)'s Pleading Requirements**

Defendants' Motion to Dismiss explains why Relator's Complaint failed to plead its FCA claims with the particularity required by Rule 9(b). Specifically, Relator's Complaint fails Rule 9(b) on two independent grounds: ***first***, it does not adequately plead representative false claims (or even reliable indicia that such claims were submitted); and ***second***, it does not plead the particulars of any alleged fraud scheme. Under Ninth Circuit precedent, a complaint must satisfy ***both*** of these requirements to plead viable FCA claims. *See Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998-99 (9th Cir. 2010). Rather than confront these deficiencies, Relator's Opposition urges the Court to adopt what Relator calls a "doctrine of less particularity"—an invitation the Court should decline. Instead, the Court should conclude that the Complaint's lack of particularity compels dismissal of Relator's FCA claims.[5]

***Lack of Representative Examples or Reliable Indicia of False Claims.*** Relator's allegations regarding the exemplar patients fall well short of what Rule 9(b) requires. The allegations identify no *actual claim* submitted to any government healthcare program, omit the amounts billed and paid, and do not even identify *which* government healthcare program—whether Medicare, Medicaid, or TRICARE—was allegedly billed. Relator's Opposition asserts that Paragraphs 171-82 of the Complaint somehow address those deficiencies, but that is not the case. (Opp. at 11.) Those paragraphs do not connect any of the exemplar patients to any specific government healthcare program whatsoever, and they do not even allege that the patients are beneficiaries of such programs; rather, they generically assert that "***payment was obtained from the government, hence a false claim***." (*See* Compl. ¶¶ 172, 176, 177, 178 (emphasis supplied).) Nor do those paragraphs identify any amounts billed or paid. They are instead conclusory assertions that only confirm the Complaint's deficiencies.

[5] Relator mistakenly asserts that Defendants' Motion to Dismiss does not address certain FCA claims in Relator's Complaint. (Opp. at 12-13.) Not so. Defendants' Motion to Dismiss makes clear that the Complaint's failure to meet the pleading requirements of Rule 9(b) dooms each of the Complaint's FCA claims, including the First Claim (§ 3729(a)(1)(A)), Fourth Claim (§ 3729(a)(1)(B)) and Fifth Claim (§ 3729(a)(1)(C)). (*See* Mot. to Dismiss at 23 n.10 and Notice of Motion to dismiss entire Complaint.)

The Complaint fares no better when it comes to pleading reliable indicia giving rise to a strong inference that false claims were actually submitted. *Ebeid*, 616 F.3d at 998–99. Again, the Complaint does not connect any patients to any government program, and it pleads none of the basic facts—the nature of the services rendered, the claims associated with those services, or *why* any particular claim was false—that would support even a weak inference that false claims occurred, let alone the *strong* inference that the Ninth Circuit requires. Instead, the Complaint relies on purely conclusory assertions—for example, that unspecified claims were "upcoded" or that there was "no medical necessity"—without any further detail or particularized facts.

***Lack of Details Regarding the Alleged Fraud Scheme.*** In addition to detailing the submission of false claims, Rule 9(b) and Ninth Circuit precedent likewise require pleading the details of each specific fraud *scheme* that led to the submission of the false claims. *See Ebeid*, 616 F.3d at 998-99. The Complaint fails that requirement across the board. As Defendants' motion explained, the allegations concerning medically unnecessary special stains, false "certificates of medical necessity," and pass-through billing all lack the specific facts necessary to put Defendants on notice of the particular conduct alleged to constitute a fraud scheme. (*See* Mot. to Dismiss at 15-20.) The Complaint instead relies on conclusory assertions of fraud, sweeping inferences drawn from raw statistical data, and equivocal, contradictory allegations that are the hallmarks of a lack of particularity. (*Id.* at 17-18.)

Relator's Opposition only doubles down on the Complaint's deficient approach. It repeats at length various fraud scheme "headlines," but still omits supporting details. Rule 9(b) requires the Complaint to contain those details, as it is not enough merely to describe the *general nature* of the alleged fraud scheme. *See, e.g.*, *Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*, 406 F. Supp. 3d 884, 902 (D. Haw. 2019) (noting that a "faint sketch of fraud is insufficient" under Rule 9(b) (internal quotation marks omitted)); *United States ex rel. Mason v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 2857372, at *13 (D. Idaho July 23, 2008) (FCA allegations insufficient where the complaint "outlined a plan of fraud," but failed "to state facts on which this belief is based"). Meanwhile, the paragraphs of the Complaint that Relator cites as supposedly supplying this missing detail do nothing of the sort, and instead only highlight the

problems identified in Defendants' Motion to Dismiss. Indeed, the purported facts the Opposition cites as providing the "who, what, when, where, and how" of the fraud schemes in reality amount to sweeping generalizations—for example, that the defendants were responsible for the fraud; that the fraud was "billing for medically unnecessary pathology services," among other generalized allegations; that it occurred "systematically and continuously" over an eight-year period, and that it occurred throughout Defendants' "laboratory operations and Chang and Elite's billing systems." (Opp. at 13–14.) This is far from the particularity that Rule 9(b) requires.

***No Basis for Relaxing Rule 9(b) Pleading Requirements.*** Relator argues that the Complaint should be subject to a relaxed pleading standard notwithstanding Rule 9(b)'s pleading requirements—arguing for a "doctrine of less particularity" and citing *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993), for the proposition that the pleading standard should be applied flexibly where certain facts "are uniquely within the defendants' possession or control." (Opp. at 13.) *Neubronner* and the cases it cites for this exception (in *Neubronner* the complaint's dismissal for failure to state a claim was affirmed) were all securities fraud cases brought by investors. *Neubronner*, 6 F.3d at 672. In *Ebeid*, the Ninth Circuit expressly rejected the relator's suggestion that this principle should be applied to his FCA cause of action. *Ebeid*, 616 F.3d at 999. The Ninth Circuit explained that "[w]e are not persuaded that this limited principle should be applied in this case. To jettison the particularity requirement simply because it would facilitate a claim by an outsider is hardly grounds for overriding the general rule, especially because the FCA is geared primarily to encourage insiders to disclose information necessary to prevent fraud on the government. While Ebeid is not required to allege 'all facts supporting each and every instance' of [false] billing . . . Rule 9(b) still requires Ebeid to plead the fraud with some level of specificity." *Id.* The Complaint must satisfy all of the usual requirements for particularized pleading of fraud, but fails to do so.

***Impermissible Group Pleading.*** Finally, Relator's Opposition is entirely silent on perhaps the Complaint's most obvious deficiency—its pervasive reliance on impermissible group pleading. Throughout the Complaint, Relator lumps the parties together in allegations that

reference "Defendants," but without specifying what actions particular defendants took. Such an approach is plainly improper under Rule 9(b). *See United States v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."). The Complaint's reliance on this tactic further demonstrates that it does not meet Rule 9(b)'s particularity requirements.

### C. The Complaint Fails to Plead the Required FCA Elements of Falsity, Scienter and Materiality

Defendants' Motion to Dismiss details the Complaint's failure to plead the basic elements required to plead any FCA claim, including the elements of falsity, scienter and materiality.

For example, as to the FCA's "rigorous" scienter element, which requires "strict enforcement," *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 192 (2016), Defendants' Motion to Dismiss examined each and every paragraph of the Complaint purporting to allege that Defendants acted with an intent to defraud. As the Motion to Dismiss explains, the allegations in those paragraphs fall short because they amount to conclusory assertions of knowledge, which are insufficient. *See, e.g., United States ex rel. Lockwood v. Sanofi US Servs., Inc.,* 2024 WL 5087330, at *14 (C.D. Cal. Dec. 9, 2024) ("Relator's remaining allegations of scienter are conclusory assertions . . . and serve as mere 'formulaic recitation[s] of the elements' of scienter and are thus insufficient to establish plausibility."). Those paragraphs do not include well-pleaded facts that would give rise to an inference that any particular Defendant acted with an intent to defraud government healthcare programs.

Relator's Opposition merely cites back the same deficient allegations of scienter addressed in Defendants' Motion to Dismiss. (Opp. at 16.) For example, the Opposition cites to numerous paragraphs in the Complaint that merely allege, in conclusory fashion, that "Defendants" acted "knowingly" or had "knowledge" or parrot back the FCA's intent standard. (*See, e.g.*, Compl. ¶¶ 224 ("Defendants knowingly submitted . . ."), 225(i)-(iii) ("Defendants had actual knowledge . . . They acted in deliberate ignorance of the truth . . . Defendants acted in

reckless disregard of the truth . . .").) Beyond that, the Opposition cites to matters outside the Complaint included in the extraneous materials submitted by Relator. Of course, materials outside of the Complaint cannot make up for Relator's failure to meet the obligation to include well-pleaded facts creating an inference of fraudulent intent in the Complaint itself. *See, e.g., Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the [plaintiffs-appellants'] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *see also Frye v. Ass'n of State & Provincial Psychology Bds.*, 2025 WL 2196646, at *6 (E.D. Cal. Aug. 1, 2025) ("[P]laintiff's ex-post rewriting of his complaint in his opposition to the motion to dismiss is insufficient to save his . . . claim.").

Relator's Opposition takes the same generalized approach (devoting just four sentences) to Defendants' argument that the Complaint fails to plead materiality. (Opp. at 17.) The FCA's materiality element is "demanding" because the FCA is not a tool "for punishing garden-variety . . . regulatory violations." *Escobar*, 579 U.S. at 194. As a result, a *qui tam* relator must plead facts—not make mere conclusory assertions—that would show that the alleged fraudulent conduct was material to a government healthcare program's decision to pay a claim for services. But the Complaint fails to plead such facts, as it makes not a single factual allegation that any alleged noncompliance was material to the government's payment decision. The Opposition asserts that "Yang and Chang were required to sign certificates of medical necessity to the government, which were false," (Opp. at 17), but the Complaint does not provide any facts demonstrating whether and how the government relied on such allegedly "false certificates" in paying any claims for pathology services.

Finally, Defendants' Motion to Dismiss detailed the Complaint's failure to plead falsity (either factual or legal falsity) as to the three alleged fraud schemes, as well as its reliance on a shotgun approach in attempting to explain why any of Defendants' claims were false. As to factual falsity, the Opposition does not dispute that pathologists are permitted to order special

stains or that two pathologists may legally provide pathology services. (Mot. to Dismiss at 6-9.) Allegations that such lawful conduct occurred therefore would not make the associated claims false. Likewise, the Opposition does not address Defendants' argument that the Complaint's allegations regarding pass-through billing or use of a -90 modifier fail to plead factual falsity. (*Id.* at 9-10.) In fact, the Opposition abandons any suggestion that the FCA claims rest on a factual falsity theory at all.

A viable theory of legal falsity, on the other hand, would require either an express or implied false certification. But the Complaint pleads no facts regarding any express or implied false certification made by Defendants to any government healthcare program. Rather, it travels on only the vaguest assertions that special stains ordered by Defendants lacked "medical necessity," repeating that conclusory refrain without any supporting facts. Indeed, the Complaint never explains why any specific special stain was medically unnecessary, why any standard H&E stain was sufficient for diagnostic purposes, or why any particular special stain lacked diagnostic or clinical value to the rendering pathologist that ordered it. Without these kinds of facts, Relator's repetitive assertions that special stains lacked "medical necessity" are nothing more than pure conclusions that fail to adequately plead the FCA's falsity element. *See, e.g.*, *Gregory v. Houston Ind. Sch. Dist.*, 2016 WL 5661701, at *4 (S.D. Tex. Sept. 30, 2016) (holding that a relator's allegation that services were "medically unnecessary" was a "conclusory statement rather than a factual basis" where the complaint failed to specify *why* particular services were unnecessary or provide an example of such a service); *United States ex rel. Frazier v. IASIS Healthcare Corp.*, 812 F. Supp. 2d 1008, 1017 (D. Ariz. 2011) (holding that relator failed to plead facts showing *why* certain procedures were unnecessary).

### D. The Complaint Fails to State a Claim under 31 U.S.C. § 3729(a)(1)(G)

Relator's Complaint also fails to plead a "reverse false claim" cause of action under 31 U.S.C. § 3729(a)(1)(G) ("Sixth Claim"), because it is redundant of the affirmative (and legally deficient) FCA claims asserted in the Complaint and because the Complaint fails to identify any alleged obligation that any Defendant avoided repaying to the government with any particularity. (Mot. to Dismiss at 23-24.) Relator's Opposition does not meaningfully address these

arguments. Rather, like much of the Complaint, the Opposition simply makes more conclusory assertions parroting back the elements of a cause of action but citing no facts, stating that "Plaintiffs need only allege that Defendants knowingly concealed or improperly avoided an obligation to pay the government." (Opp. at 22.) Such an argument, however, is no substitute for well-pleaded facts, which are lacking in the Complaint.

**E. The Complaint Fails to State a Claim under the California False Claims Act or Unjust Enrichment**

Finally, Defendants' Motion to Dismiss explains that Relator's Complaint fails to plead causes of action under the California FCA (Second Claim) and for unjust enrichment (Seventh Claim). (Mot. to Dismiss at 24-25.) The California FCA claim falls short for the same reasons that Relator's FCA claims fail to plead a viable cause of action, as it contains the same elements as the legally deficient federal FCA claims. (*Id.*)

Relator may not pursue an unjust enrichment claim because, unlike the FCA or California FCA, there is no mechanism by which a private litigant may assert common law claims on behalf of the United States or California. Relator's Opposition does not cite any authority to support the notion that Relator may do so. As such, the claim for unjust enrichment fails as a matter of law. Rather, the Opposition cites only *United States v. Mead*, 426 F.2d 118, 124 (9th Cir. 1970), to suggest that Relator may pursue an unjust enrichment claim. But the Ninth Circuit's opinion in *Mead* involved a claim of payment by mistake brought against the defendant ***directly by the United States***, which is not the case here at all. As the Ninth Circuit explained, "[t]he government's alternative theory of recovery is under the common law doctrine of payment by mistake. ***This remedy is available to the United States*** and is independent of statute." *Id*. at 124 (emphasis supplied). *Mead* says nothing about a private litigant bringing a claim for payment by mistake (or unjust enrichment) on behalf of the United States or the State of California, because there is no such authority to allow such a cause of action. *See United States ex rel. Ebu-Isaac v. INSYS Therapeutics, Inc.*, 2021 WL 3619958, at *12 (C.D. Cal. June 9, 2021) ("Relator cites no authority suggesting that she may assert such a back up claim in a *qui tam* action. Essentially, Relator brings this action to vindicate an alleged fraud on the United States.

Although Relator is empowered to do so under the FCA as a matter of statutory law, its right to do so is circumscribed by the FCA as well."). Relator's unjust enrichment claim must be dismissed.

**F. Relator May Not Seek Leave to Amend in an Opposition**

Relator's Opposition requests leave to amend to add new allegations derived from a state court action and even from events that occurred after Relator filed the *qui tam* Complaint, "[i]f the Court makes a finding of insufficient pleading." (Opp. at 25.) But Relator may not make a conditional motion for leave to amend in opposition to a motion to dismiss. *See, e.g., Martia v. Specialized Loan Services, LLC*, 2019 WL 2870879, at *5 (C.D. Cal. Feb. 28, 2019) ("Plaintiff, in his Opposition to the Motion, seeks leave to amend the FAC to add a claim for relief. Such a request in an opposition to a motion to dismiss is improper" (internal citation omitted)).[6] Nor may Relator "amend" a complaint through statements made in the Opposition or through extraneous materials filed with the Opposition. *See, e.g., King v. Navy Fed. Credit Union*, 2023 WL 8250482, at *4 (C.D. Cal. Oct. 19, 2023) (citing *A.C.C.S. v. Nielsen*, 2019 WL 7841860, at *7 (C.D. Cal. Sept. 17, 2019)).

There are relevant questions regarding whether and how a *qui tam* relator may amend FCA claims following declination and the proper procedure for doing so—particularly, where, as here, it appears that Relator may be advancing new allegations or new theories of liability or seeking to rely on what is now publicly disclosed information by virtue of it being filed in a federal court proceeding. As such, it would be procedurally inappropriate for the Court to

[6] *See also Modares v. Rubio*, 2025 WL 3038581, at *1 (C.D. Cal. Aug. 25, 2025) ("Regarding the possibility of amendment, the court finds that under the circumstances presented here, the Opposition was not the proper place to seek leave to amend the Complaint." (citing cases)); *Xu v. Nobel Assembly at Karolinksa Institutet*, 2013 WL 5420984, at *2 (C.D. Cal. Sept. 17, 2013) ("Plaintiff's informal motion for leave, embedded in an opposition to a motion to dismiss, is not properly before the Court."); *Falahati v. JPMorgan Chase Bank*, 2009 WL 10675065, at *2 n.2 (C.D. Cal. Dec. 22, 2009) ("In their Opposition to Motion to Dismiss, Plaintiffs request leave to amend their Complaint to add allegations regarding the unconscionability of the parties' Agreement. The Court finds that an opposition brief is not the proper place to make such a request.").

"grant" Relator leave to amend in response to a request made in Relator's Opposition and not in an actual motion for leave.

**G. Relator's Improper Assertions and Extraneous Filings Are Irrelevant to the Motion to Dismiss and Should Be Disregarded**

Relator's Opposition is replete with allegations leveled against Defendants and, in particular, their counsel as to the substance of Defendants' Motion to Dismiss. It is also accompanied by a declaration and more than 200 pages of extraneous information by which Relator seeks to inject additional allegations or color the Court's consideration of Defendants' Motion to Dismiss. These allegations and the extraneous information should be disregarded by the Court. None of the allegations asserted against Defendants and their counsel as to the filing and substance of the Motion to Dismiss—whether as to the Court's standing order, the parties' failed attempts at agreeing to terms for a possible mediation or Relator's numerous assertions that Defendants are mischaracterizing the record or attempting to mislead the Court—is accurate, which the very nature of the allegations makes clear.

Moreover, none of the extraneous information should be considered as part of the opposition to Defendants' Motion to Dismiss, as it is outside the Complaint and not subject to judicial notice. *See* Fed. R. Evid. 201 (limiting judicial notice to facts "generally known within the trial court's territorial jurisdiction" or facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").[7] For example, allegations made in a separate state court complaint are not "facts" of which the Court should take judicial notice; nor is an interlocutory order from a state court that dealt with different causes of action with different elements and provides no substantive explanation for the court's ruling.[8] (*See*

---

[7] Relator's Opposition criticizes Defendants' Motion to Dismiss for allegedly "*present[ing] materials outside the pleadings*." (Opp. at 1.) Yet Defendants merely submitted copies of publicly available authorities from the Centers for Medicare and Medicaid Services (CMS) (or its contractor Noridian), which is a federal agency, for the Court's convenience in addition to citing to the websites where those publications are located.

[8] State court documents may only be noticed for their *existence*—not for the truth of their contents. *See, e.g., BP W. Coast Prods. LLC v. Greene*, 318 F. Supp. 2d 987, 994 (E.D. Cal.

Relator's Request for Judicial Notice ("RJN"), Exs. 2-3.) The same applies to other state court discovery materials or state court pleadings referenced repeatedly in Relator's Opposition.[9] (*Id.* Exs. 4-8.) They simply have no bearing on the Motions to Dismiss brought on the grounds that the *current Complaint* fails to state a claim, and their contents are not judicially noticeable facts.

Relator's approach reflects other relevant concerns beyond whether judicial notice would be appropriate. Making unfounded and improper assertions and engaging in other harassing behavior is typical of the approach to litigation employed by the Relator in this case. Behind American Integra LLC stands Dr. Nili Alai (identified in the Complaint as "Relator's principal" (*see, e.g.,* Compl. ¶¶ 35, 128, 129, 225)), who is masking her identity through American Integra LLC likely because Dr. Alai has been deemed to be a "vexatious litigant" by courts in California and has a track record of engaging in abusive litigation. *See, e.g., Law Offices of Mark B. Plummer, PC v. Alai*, 2025 WL 395813, at *4-5 (Cal. Ct. App. Feb. 4, 2025) (affirming trial court's determination that Dr. Alai is a vexatious litigant and explaining that "Alai, in her capacity as an unrepresented litigant as well as a party with limited scope representation, has engaged in a truly exceptional pattern of harassing and burdensome litigation . . . which has consumed an extraordinary amount of judicial resources and caused a substantial and unusual burden for the other parties to this case").

Dr. Alai has a history of representing herself as counsel under the different name—Ally Alain, particularly in cases in which Gloria Juarez "Law Offices of Gloria Juarez" appear

---

2004); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (taking judicial notice of the existence of court documents, but not for the truth of the matters asserted in those documents).

[9] To state the obvious, it would be improper for the Court to take judicial notice of the whistleblower complaint purportedly submitted to the U.S. Department of Health & Human Services Office of Inspector General ("OIG") that Relator proffers (Relator's RJN, Ex. 5) because it contains disputed factual assertions. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") Likewise, "[m]edical records are generally not considered to be adjudicative facts appropriate for judicial notice." *Rios v. Ravi*, 2024 WL 3013674, at *12 (E.D. Cal. June 14, 2024); *Titko v. Abbott Lab'ys*, 2019 WL 13214734, at *2 (D. Ariz. Aug. 28, 2019) (holding medical records were "inappropriate" for judicial notice). (*See also* Relator's RJN, Exs. 6-8.)

nominally on the pleadings as counsel of record. Such an approach in this case, of course, renders Dr. Alai party, necessary witness and advocate. *See, e.g., id.* (noting that Dr. Alai appeared as counsel on her own behalf under the name Ally Alain and explaining that "[t]his revelation came as a surprise to the court because Alain had not notified the court that she was appearing in pro per, and she had repeatedly referred to Alai in the third person throughout her opening argument"). That is exactly what recently happened in the state court proceedings referenced in Relator's Opposition, wherein Dr. Alai/Ally Alain "specially appeared" as counsel to American Integra LLC in a recent hearing.

Defendants respectfully submit that the Court should not countenance such an approach to the litigation in this action—whether that involves misplaced assertions in Relator's Opposition, the mischaracterizing of discussions between counsel, improper citation to extraneous materials in response to a motion to dismiss, or allowing an individual to proceed as party, witness and counsel. These are particularly important considerations where the United States remains the real party in interest. *See United States ex rel. Robinson v. HealthNet, Inc.*, 124 F.4th 511, 514 (7th Cir. 2024); *see also United States ex rel. Schwartz v. TRW, Inc.*, 118 F. Supp. 2d 991, 996 (C.D. Cal. 2000) ("The United States as the real party in interest in this matter will be bound to whatever final judgement [sic] [relator] is able to obtain. It is for this reason that the Second Circuit held that 'the person prosecuting the suit must be subject to the standards of ability, responsibility, liability and accountability required of members of the bar, as officers of the court and by the Code of Professional Responsibility.'" (citation omitted)).

//

//

//

//

## III. CONCLUSION

Relator's Opposition failed to meaningfully respond to the arguments for dismissal asserted in the Motion to Dismiss of Defendants Sterling and Yang. As a result, Defendants respectfully request that the Court dismiss Relator's *qui tam* Complaint.

Respectfully submitted,

Dated: February 23, 2026

LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION

By: *\/s/ Steven Goldsobel*

STEVEN M. GOLDSOBEL
VANDAD KHOSRAVIRAD
Attorneys for Defendants
STERLING PATHOLOGY MEDICAL CORPORATION, CHANGGAO YANG, M.D., ELITE MEDICAL BILLING CORPORATION, AND JENNY CHANG AKA JENNY AU

MATTHEW CURLEY
(*pro hac vice* application forthcoming)
JOHN EASON
(*pro hac vice* application forthcoming)
BASS, BERRY & SIMS PLC
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone: (615) 742-7790
mcurley@bassberry.com
jeason@bassberry.com

Attorneys for Defendants
STERLING PATHOLOGY MEDICAL CORPORATION, CHANGGAO YANG, M.D., ELITE MEDICAL BILLING CORPORATION, AND JENNY CHANG AKA JENNY AU