STEVEN M. GOLDSOBEL (State Bar No. 166405)
FRANCISCA M. MOK (State Bar No. 206063)
VANDAD KHOSRAVIRAD (State Bar No. 253703)
LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
steve@sgoldsobel.com
Francisca@sgoldsobel.com
Vandad@sgoldsobel.com

Attorney for Defendants
STERLING PATHOLOGY MEDICAL
CORPORATION, CHANGGAO YANG, M.D.,
ELITE MEDICAL BILLING CORPORATION,
AND JENNY CHANG AKA JENNY AU

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC | ) ) ) Case No. 1:23-CV-00756-KES-FRS |
| Plaintiffs, | ) ) **DEFENDANTS' NOTICE OF MOTION** ) **AND MOTION TO STAY DISCOVERY;** |
| v. | ) **MEMORANDUM OF POINTS AND** ) **AUTHORITIES IN SUPPORT THEREOF** |
| ELITE MEDICAL BILLING CORPORATION, STERLING PATHOLOGY MEDICAL CORPORATION, CHANGGAO YANG, M.D., MICHAEL OKUNIEWSKI, ELLIE LEKOV, M.D., JENNY CHANG, and Does 1-10, | ) ) Judge: Kirk. E. Sherriff ) Court: 6 ) Date: April 20, 2026 ) Time: 1:30 p.m. |
| Defendants. | ) ) ) ) ) ) ) ) |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 20, 2026 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 6, of the United States District Court for the Eastern District of California, 2500 Tulare Street, Fresno, CA 93721, Defendants Sterling Pathology Medical Corporation, Changgao Yang, M.D., Elite Medical Billing Corporation and Jenny Chang[1], by and through their counsel will and hereby do move this Court for a stay of discovery in the above-captioned action due to the pendency of moving Defendants' motions to dismiss the operative Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b).  Those motions, if granted, would dispose of the entire Complaint against the moving Defendants.  Defendants should not be subject to the burden and expense of discovery when there is a motion to dismiss pending for failure to state a claim, including failure to plead the necessary elements of those claims, or to plead fraud-based claims with the required factual specificity, as well as a variety of other pleading defects.  Nor should Relator be allowed to use premature discovery to buttress insufficient allegations.  Rather, as numerous district courts have concluded, a *qui tam* relator should be required to adequately plead False Claims Act and other causes of action as required by Federal Rules of Civil Procedure 8(a) and 9(b) *before* being permitted to proceed to discovery.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the concurrently filed declaration of Steven Goldsobel and all attachments thereto, the pleadings and papers on file in this action, and on such other briefs and argument as may be presented, including at the hearing on this Motion.

The below counsel certifies that meet and confer efforts regarding the subject of this motion have been exhausted.  Defendants' counsel conferred with Relator's counsel Gloria Juarez of the Law Offices of Gloria Juarez on March 4, 2026, by videoconference, and sought Relator's agreement to a stay of discovery given the pending motions to dismiss – Relator declined.  Defendants again conferred with Relator on March 11, 2026, by email correspondence seeking Relator's agreement to a stay of discovery and continuance of the Scheduling

---

[1] For the present convenience of the parties and the Court, defendant Jenny Au (her legal, married name), will be referred to in papers supporting her motion by the name with which she was identified in the Complaint -- Jenny Chang.

i

Conference currently set for March 26, 2026.  On March 12, 2026, Relator responded and declined to agree to a stay of discovery while moving Defendants' motions to dismiss are pending or a continuance of the Scheduling Conference until after the motions to dismiss are decided.[2]  *See also* the Declaration of Steven Goldsobel filed concurrently herewith.  To the knowledge of moving Defendants, to date no other defendant named in the action has been served with the Complaint or has appeared, and thus counsel for moving Defendants did not seek to meet and confer with those other Defendants.

Dated: March 12, 2026

LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION

By:      */s/ Steven Goldsobel*

STEVEN M. GOLDSOBEL
FRANCISCA M. MOK
VANDAD KHOSRAVIRAD
Attorneys for Defendants STERLING
PATHOLOGY MEDICAL CORPORATION,
CHANGGAO YANG, M.D., ELITE MEDICAL
BILLING CORPORATION, AND JENNY
CHANG AKA JENNY AU

MATTHEW CURLEY (admitted pro hac vice)
JOHN EASON (admitted pro hac vice
BASS, BERRY & SIMS PLC
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone: (615) 742-7790
mcurley@bassberry.com
jeason@bassberry.com

Attorneys for Defendants STERLING
PATHOLOGY MEDICAL CORPORATION,
CHANGGAO YANG, M.D., ELITE MEDICAL
BILLING CORPORATION, AND JENNY
CHANG

---

[2] In response to Defendants' proposing the requested relief to Relator, Relator attempted to condition agreement on postponing the scheduling conference to Defendants' willingness to participate in dispute resolution and Relator did not address Defendants' request to stay discovery.

ii

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendants Sterling Pathology Medical Corporation, Dr. Yang, Elite Medical Billing and Jenny Chang ("Defendants") file this memorandum in support of their Motion to Stay Discovery. For the reasons set forth below, Defendants request that this Court stay discovery until the Court has ruled on Defendants' pending Motions to Dismiss (Dkt. 23, 24), which seek dismissal of Relator's Complaint (Dkt. 1).[3]

**II.    SUMMARY OF ARGUMENT**

Defendants' motions to dismiss raise fully dispositive arguments regarding each of the claims asserted in Relator's Complaint, including arguments as to why Relator may not assert claims for violations of the federal Anti-Kickback Statute ("AKS") and state law claims for unjust enrichment as a matter of law, and why Relator's claims asserted under the federal and California False Claims Acts ("FCA") fail under Federal Rules of Civil Procedure 8(a) and 9(b). In response to those motions, Relator filed declarations raising extraneous issues, along with nearly 200 pages of "discovery" materials obtained by the same Relator in related state court litigation. Perhaps with an eye toward a likely outcome on the pending motions, Relator also made a procedurally improper request for leave to amend in Relator's Opposition if the Court were to determine that Relator's claims failed as a matter of law.

In the context of FCA litigation and with respect to any claims asserting fraud, a motion to dismiss that asserts pleading deficiencies under Rule 9(b) plays an important gatekeeping function. Rule 9(b) requires a *qui tam* relator pursuing FCA violations to plead the specifics of the actual alleged false claims and the specifics of each alleged fraud scheme that resulted in alleged false claims with particularity as to each defendant. Without meeting this heightened pleading requirement, a *qui tam* relator should not be handed the keys to discovery, which is often used by *qui tam* relators hoping to buttress otherwise legally deficient claims. Opening the

---

[3] By separate motion for administrative relief pursuant to Local Rule 233, Defendants are seeking a continuance of the Scheduling Conference presently scheduled for March 26, 2026 (Dkt. 22), until such time as the Court rules on the Motions to Dismiss.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

gates to discovery at this point—without a determination that Relator has even pleaded viable FCA claims with respect to any of the alleged fraud schemes against any of the four Defendants—would be prejudicial to the Defendants. Each of the Defendants would be left to guess about the nature and scope of the alleged fraud schemes, their alleged roles relative to those schemes, and each would incur substantial time and expense in responding to discovery in the absence of particularized facts pleaded in Relator's Complaint. For these reasons, district courts within the Ninth Circuit often stay discovery pending resolution of motions to dismiss FCA claims. The same reasoning should apply here.

A stay of discovery will also preserve the resources of the parties and the Court. This is no ordinary FCA litigation. The Plaintiff-Relator in this case is American Integra LLC. That same Plaintiff-Relator has filed suit against the same Defendants based on the same alleged conduct in state court in an action captioned *California ex rel. American Integra LLC v. Sterling Pathology Medical Corp.*, 21STCV00923 (Cal. Sup. Ct., Los Angeles County). The Complaints in both cases each refer to a "Relator's principal" (*see, e.g.*, Compl. ("Dkt. 1") ¶¶ 35, 128, 129, 225), and that reference is to Dr. Nili Alai. Dr. Alai has been declared a "vexatious litigant" by a trial court in California, and her track record of engaging in abusive litigation is well documented. It is not surprising that Dr. Alai would seek to conceal her true identify from the Court behind the name American Integra LLC.

Making matters worse, Dr. Alai has a history of representing herself as counsel under a different name—Ally Alain, particularly in cases in which Gloria Juarez/Law Offices of Gloria Juarez appear nominally on the pleadings as counsel of record. In the related state court litigation where Ms. Juarez is counsel of record for American Integra LLC, Dr. Alai/Ally Alain has made numerous "special appearances" on behalf of American Integra LLC in proceedings, while Ms. Juarez has never appeared in those same proceedings. And, in this action, Dr. Alai/Ally Alain recently participated in the parties' scheduling conference as an "assistant" to Ms. Juarez, when Defendants insisted that the conference be conducted by video because of their concerns regarding the true counsel in this action and whether Ms. Alain would be seeking to represent American Integra LLC in any substantive way in these proceedings.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Dr. Alai/Ally Alain and Gloria Juarez have already pursued burdensome discovery and have engaged in abusive discovery practices in the related state court litigation on behalf of American Integra LLC. There is no reason to believe that same vexatious conduct would not repeat itself in this action, which would place a tremendous burden on Defendants and the Court. Preservation of the resources of the parties and the court likewise supports a stay of discovery until the Court rules on Defendants' pending motions to dismiss.

## III.    PROCEDURAL BACKGROUND

In May 2023, Relator American Integra LLC filed this *qui tam* action against Defendants. (Dkt. 1.) Relator's Complaint alleges that Defendants violated the federal and state FCAs by falsely billing for pathology services provided by Defendant Sterling Pathology and Dr. Yang. As part of its allegations, Relator's Complaint cites to interactions between "Relator's principal" and an employee of Sterling Pathology. (*See* Compl. ¶¶ 35, 128, 129, 225.) "Relator's principal" is Dr. Nili Alai, a dermatologist based in Laguna Hills, California. (Declaration of Steve Goldsobel ("Goldsobel Decl.") at ¶ 5.) In addition to being Relator's principal, Dr. Alai is also known as Ally Alain, a Laguna Niguel, California, based attorney, who shares an office location with Gloria Juarez (counsel of record for American Integra LLC). (*Id.* at ¶ 6.)

The United States and the State of California declined to intervene in this action. (Dkt. 12.) The matter was unsealed, and Relator elected to proceed following declination by the United States and the State of California. Relator served the Complaint on Defendants in October 2025.

On January 2, 2026, Defendants filed motions to dismiss Relator's initial complaint. (Dkt. 23, 24.) Defendants' motions assert, in part, that Relator's Complaint fails to plead the federal and state FCA claims with the particularity required by Rule 9(b), as required by Ninth Circuit precedent. The motions also assert that the Complaint fails to plead the required elements for any federal or state FCA claim and that no private right of action exists that would permit Relator to pursue AKS violations or claims for unjust enrichment. Relator filed responses to those motions, which included the filing of two declarations and nearly 200 pages of discovery materials from Relator's related state court proceeding under the guise of a "Request for Judicial Notice." (Dkt. 31, 32.) None of the extraneous materials submitted by Relator, however, would

- 3 -
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

be appropriate for judicial notice, as Defendants explained in their reply memoranda.[4] (Dkt. 33, 34.)

In addition to this action, Ally Alain and Ms. Juarez also represent American Integra LLC in related state court litigation, *California ex rel. American Integra LLC v. Sterling Pathology Med. Corp.*, 21STCV00923 (Cal. Sup. Ct., Los Angeles County). (Goldsobel Decl., at ¶¶ 2, 3.) Ms. Alain has appeared on behalf of American Integra LLC in the state court litigation on numerous instances, while Ms. Juarez has not appeared in any of those same proceedings. Discovery has been on-going in that state court proceeding, with Relator propounding numerous sets of interrogatories and document requests, filing motions to compel and filing motions for restraining orders. (*Id.* at ¶ 8.)

On March 4, 2026, the parties conferred via videoconference in connection with the requirement to submit a Scheduling Conference Report in advance of the Scheduling Conference with the Court currently set for March 26, 2026 (and which Defendants are seeking to continue). (Goldsobel Decl. at ¶ 9.) Defendants requested that the parties confer via videoconference because of their concern that Ms. Alain and not Ms. Juarez was conducting the litigation as counsel on behalf of American Integra LLC. Ms. Alain did, in fact, appear during the videoconference, and Ms. Juarez indicated that Ms. Alain was participating as her "assistant." (*Id.* at ¶ 10.) Consistent with Defendants' concerns that Ms. Juarez served as nominal counsel, Ms. Juarez was unprepared for the conference and could not recall basic aspects of the allegations and claims asserted in Relator's Complaint. (*Id.* at ¶ 5.) Ms. Juarez repeatedly requested that the parties discuss matters that were entirely extraneous to the anticipated Joint Scheduling Report and repeatedly demanded that Defendants stipulate to liability. (*Id.*) Throughout the conference, Ms. Juarez's approach interfered with the parties' ability to make any real progress on the required items. (*Id.*) As part of the conference, Defendants proposed a stay of discovery during the pendency of the motions to dismiss because the motions were fully dispositive and the parties did not know what, if any, parts of Relator's Complaint may survive the pending

---

[4] The motions to dismiss are fully briefed. The Court had previously scheduled a hearing on the pending motions to dismiss but recently took the motions under submission and vacated the hearing. (Dkt. No. 41.)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

motions. (*Id.* at ¶ 12.)  Ms. Juarez rejected that request, inconsistently claiming that Defendants wanted to generate legal fees by refusing the stipulate to liability. (*Id.* at ¶ 13.)  Defendants attempted to explain that a stay would have had the opposite effect and would preserve the parties' resources, but Ms. Juarez declined to agree to a stay. (*Id.*)

## IV.    LAW AND ARGUMENT

The Court "has the discretion to stay discovery as part of its 'inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.'"  *United States ex rel. Modglin v. DJO Global, Inc.*, 2014 WL 12564275, at *1 (C.D. Cal. Feb. 20, 2014) (quoting *Moser v. Encore Capital Grp., Inc.*, 2009 WL 111413, at *3 (S.D. Cal. Mar. 27, 2007)).  While the Federal Rules of Civil Procedure do not provide for automatic stays during the pendency of a motion to dismiss, "a district court has broad discretion to stay discovery pending resolution of a potentially dispositive motion." *Id.* at *2 (citing cases).

### A.    The Pending Motions to Dismiss Support a Continuance of the Scheduling Conference and a Stay of Discovery.

Defendants have filed motions to dismiss, which seek dismissal of Relator's Complaint for failure to plead Relator's federal and state FCA claims in accordance with the requirements of Rule 9(b).  Those motions assert that the Complaint has failed to plead its FCA claims as to each of the Defendants with the particularity required by Rule 9(b) because the Complaint does not plead the circumstances of the alleged fraud schemes, nor does it plead the submission of false claims, as Ninth Circuit precedent requires. (Dkt. 23, 24.)  The motions are fully dispositive and seek dismissal of each of the Complaint's seven claims.

The pendency of fully dispositive motions to dismiss challenging the Complaint's compliance with Rule 9(b) with respect to the federal and state FCA claims is sufficient grounds for a stay.  "California district courts have found that it is proper in FCA cases where a motion to dismiss for failure to plead fraud with particularity is pending to stay discovery until the court has had the opportunity to decide whether the complaint satisfies the heightened pleading requirements of Rule 9(b)." *Modglin*, 2014 WL 12564275, at *2 (citing FCA cases in which district courts stayed discovery pending a ruling on a motion to dismiss for failure to plead with

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

particularity as required by Rule 9(b)). The reasoning behind such an approach is straightforward. "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the partes and society enormous social and economic costs absent some factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

Relator's oppositions to the motions to dismiss already attempt to impermissibly bolster the Complaint's deficient claims with discovery materials obtained by Relator from the related state court action. (Dtk. 31, 32 (each attaching a Declaration of Gloria Juarez and a Request for Judicial Notice of discovery materials).) Of course, this attempt runs afoul of the general notion that the Court is confined to considering the actual allegations in the complaint in ruling on a motion to dismiss. But more importantly, it highlights why courts are reluctant "to permit *qui tam* relators to use discovery to meet the requirements of Rule 9(b)," because of the "concern that a *qui tam* plaintiff, who has suffered no injury in fact, may be particularity likely to file suit as a 'pretext to uncover unknown wrongs.'" *Modglin*, 2014 WL 12564275, at *2 (quoting *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004)).

The pendency of Defendants' motions to dismiss and the grounds for dismissal articulated in those motions are a sufficient basis for the Court to stay discovery. Moreover, a stay of discovery would help ensure that Relator is not permitted to circumvent the pleading requirements of Rule 9(b) by pursuing discovery with the hope of bolstering the deficient FCA claims in Relator's Complaint.

**B.    Staying Discovery Would Also Preserve the Resources of the Parties and the Court.**

A stay of discovery would also preserve the resources of the parties and the Court during the pendency of the motions to dismiss. That consideration is particularly important in this action where the "Relator's principal," Dr. Alai, has been declared a vexatious litigant by a state trial court in California and has a track record and history of engaging in abusive and burdensome

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

discovery. Staying discovery would protect the parties and the Court from that history repeating itself here during the pendency of the motions to dismiss.

In *Law Offices of Mark B. Plummer v. Alai*, the California Court of Appeals considered a series of trial court orders that, among other things, declared Dr. Alai "a vexatious litigant and ordered her to furnish security in the amount of $100,000…" in order to continue pursuing proceedings. 2025 WL 395813, at *1 (Cal. Ct. App. Feb. 4, 2025). The Court of Appeals explained that the trial court's ruling was based on its consideration of numerous unmeritorious motions that "reflected a broader strategy of delay and harassment employed by Alai throughout this litigation" and a finding that Dr. Alai "had conducted unnecessary discovery in an attempt to overwhelm the opposing party." *Id.* at *5. The trial court noted that Dr. Alai "in her capacity as an unrepresented litigant as well as a party with limited scope representation, has engaged in a truly exceptional pattern of harassing and burdensome litigation conduct over the course of nearly six years which has consumed an extraordinary amount of judicial resources and caused a substantial and unusual burden for the other parties to this case, despite the relatively straightforward legal and factual issues raised by the complaint and cross-complaint." *Id.* As a result, the trial court required Dr. Alai to post $100,000 security in order to continue with the proceedings.[5]

The Court of Appeals also explained that Dr. Alai concealed the fact that she was representing herself in the matter under the name Ally Alain:

> At oral argument in that appeal, an attorney who identified herself as Ally Alain (State Bar No. 345524) argued the matter on behalf of Alai. Midway through oral argument on the case, Plummer (appearing in pro per) revealed that attorney Alain was in fact defendant, Nili Alai. ***This revelation came as a surprise to the court because Alain had not notified the court that she was appearing in pro per, and she had repeatedly referred to Alai in the third person throughout her opening***

---

[5] As relevant here, California law considers a "vexatious litigant" to be anyone who "[i]n any litigation while acting in propia persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 391(b)(2).

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

***argument.*** When the panel asked for an explanation, Alai/Alain explained she had changed her name, was now admitted to the bar, and did not think it was necessary or appropriate to notify the court that she was in fact a party to the case.

*Id.* at \*3 (emphasis supplied).

In rejecting Dr. Alai's appeal, the Court of Appeals also reported Dr. Alai to the State Bar of California because of her conduct and the fact that she was representing herself as an attorney. "Because Alai (also known as Ally Alain) is an attorney, and because conducting vexatious litigation smacks of unethical conduct, we direct the clerk of this court to send a copy of this opinion to the State Bar of California for disciplinary review." *Id.* at \*5.

In the instant action and the related state court litigation, this pattern is repeating itself. Dr. Alai is concealing her identity behind American Integra LLC and has been representing herself under the name of Ally Alain. Ms. Alain has appeared in the related state court action and participated in the parties' recent videoconference in this action. (Goldsobel Decl., ¶¶ 6, 7, 10.) In the state court litigation, Dr. Alai has already engaged in burdensome discovery by propounding multiple sets of interrogatories and document requests, filing *ex parte* motions for temporary restraining orders and filing motions to compel. (Goldsobel Decl. ¶ 8.) Ms. Juarez provides no meaningful check on any of this conduct, as Ms. Juarez knows little about the substance of the allegations made in Relator's Complaint and is unwilling to engage on the substance of even the most basic points of discussion related to scheduling matters. (*Id.* at ¶¶ 11, 13).

Given the verifiable track record of vexatious litigation and the questionable arrangement by which the *qui tam* relator is representing herself in this action,[6] a stay of discovery would preserve the resources of the parties and the Court. Without such a stay, there is little doubt that

---

[6] A *qui tam* relator in FCA litigation stands in the shoes of the United States (and the State of California with respect to the state FCA), which is the real party in interest. *See In re Schimmels*, 127 F.3d 875, 882 (9th Cir. 1997). It is for such reasons that courts prohibit *qui tam* relators from proceeding *pro se* in FCA actions. *See, e.g., United States ex rel. Mesi v. National Default Servicing Corp.*, 2017 WL 3749677, at \*2 (D. Nev. Aug. 30, 2017). Rather, the FCA demands that the United States have "qualified legal counsel to ensure that the real party at interest, the United States, is adequately represented." *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 15-16 (D.D.C. 2003).

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

the approach taken by Dr. Alai in other litigation (including the related state court litigation) will repeat itself here.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court stay discovery during the pendency of Defendants' motions to dismiss.

Respectfully submitted,

Dated: March 12, 2026                    LAW OFFICES OF STEVEN GOLDSOBEL,
                                         A PROFESSIONAL CORPORATION

                                         By: */s/ Steven M. Goldsobel*
                                             STEVEN M. GOLDSOBEL
                                             FRANCISCA M. MOK
                                             VANDAD KHOSRAVIRAD

                                             MATTHEW CURLEY (admitted pro hac vice)
                                             JOHN EASON (admitted pro hac vice
                                             BASS, BERRY & SIMS PLC
                                             21 Platform Way South, Suite 3500
                                             Nashville, TN 37203
                                             Telephone: (615) 742-7790
                                             mcurley@bassberry.com
                                             jeason@bassberry.com

                                             Attorneys for Defendants STERLING
                                             PATHOLOGY MEDICAL CORPORATION,
                                             CHANGGAO YANG, M.D., ELITE MEDICAL
                                             BILLING CORPORATION, AND JENNY
                                             CHANG

49614983.3

- 9 -

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**