STEVEN M. GOLDSOBEL (State Bar No. 166405)
FRANCISCA M. MOK (State Bar No. 206063)
VANDAD KHOSRAVIRAD (State Bar No. 253703)
LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
steve@sgoldsobel.com
Francisca@sgoldsobel.com
Vandad@sgoldsobel.com

Attorney for Defendants
STERLING PATHOLOGY MEDICAL
CORPORATION, CHANGGAO YANG, M.D.,
ELITE MEDICAL BILLING CORPORATION,
AND JENNY CHANG AKA JENNY AU

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC<br><br>Plaintiffs,<br><br>v.<br><br>ELITE MEDICAL BILLING CORPORATION, STERLING PATHOLOGY MEDICAL CORPORATION, CHANGGAO YANG, M.D., MICHAEL OKUNIEWSKI, ELLIE LEKOV, M.D., JENNY CHANG, and Does 1-10,<br><br>Defendants. | Case No. 1:23-CV-00756-KES-FJS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**<br><br><br>Judge: Frank J. Singer, Magistrate<br>Court: 8, 6th Floor<br>Date: TBD<br>Time: TBD |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY DISCOVERY**

Defendants Sterling Pathology Medical Corporation, Dr. Yang, Elite Medical Billing and Jenny Chang ("Defendants") file this reply in support of their Motion to Stay Discovery.

**ARGUMENT**

Defendants' motion to stay discovery seeks straightforward relief; namely, a stay of discovery until the Court rules on Defendants' pending motions to dismiss. The basis of the relief sought by Defendants' motion to stay is just as straightforward. Defendants' motions to dismiss are fully dispositive and assert that Relator's Complaint fails to plead its claims, including federal and state FCA claims, with the particularity required by Federal Rule of Civil Procedure 9(b). In such circumstances, a stay of discovery is appropriate "until the Court has had the opportunity to consider whether the complaint satisfies the heightened pleading requirements of Rule 9(b)." *United States ex rel. Modglin v. DJO Global, Inc.*, 2014 WL 12564275, at *2 (C.D. Cal. Feb. 20, 2014) (citing FCA cases in which district courts have stayed discovery pending a ruling on motions to dismiss). Given the unique nature of FCA claims asserted by a *qui tam* relator, a stay of discovery furthers the purpose of Rule 9(b) by protecting defendants who have been accused of fraud and preserving the resources of the parties and the Court until it has been determined that Rule 9(b)'s particularity standard has been met. *Id.*

In a filing made after Relator's opposition (and presumably with the benefit of having reviewed the arguments therein), the State of California made clear that it agreed with Defendants that a stay of discovery would be appropriate. To that end, California stated that "a stay of discovery in this case pending the Court's decision on Defendants' Motions to dismiss (Dkts. 23-24) is not only in California's best interests, but also in the best interests of the litigating parties, the Court, and the public, in light of the arguments made by the litigating parties as to the Defendants' Motions to Dismiss (Dkts. 23-24, 31-34) and Defendants' Motion to Stay Discovery (Dkts. 43, 46)." (Dkt 47, at 2.) California, therefore, rejects Relator's assertion that "[t]he Government … faces concrete, not speculative, prejudice from a stay." (Opp. at 12.)

Relator's opposition largely does not address Defendants' argument in favor of a stay and avoids the caselaw cited in Defendants' motion to stay altogether. Instead, the opposition makes several incorrect and inaccurate assertions, miscites several cases, and cites caselaw that

- 1 -
**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY DISCOVERY**

*supports* a stay of discovery. Beyond the opposition itself, Relator has filed yet another request for judicial notice and dumps another 80 pages of materials into the Court's docket, which is on top of the hundreds of pages Relator filed in opposition to the motions to dismiss. (Dkt. 46-2.) Relator's approach, which is typical of the strategy employed by "Relator's principal"—Dr. Alai/Ally Alain—in other litigation, only further supports a stay of discovery here.

Relator's opposition begins by wrongly asserting that Defendants' motions to dismiss are not fully dispositive. (Opp. at 5-6, 8.) Defendants addressed this incorrect assertion in their replies in support of their motions to dismiss, explaining that their motions were dispositive of each and every claim asserted in Relator's Complaint. (*See, e.g.,* Dkt. 33, at 4 (explaining that the Complaint's failure to plead with the particularity required by Rule 9(b) "dooms each of Relator's FCA claims"); Dkt. 24, at 23 n. 10.) Nothing has changed in that regard.[1]

Relator then asserts that Defendants' argument is that "the mere filing of a potentially dispositive motion should stay all discovery." (Opp. at 6.) Not so. As explained above, Defendants' argument relies on case law in which district courts have stayed discovery in cases asserting FCA claims where a fully dispositive motion has been filed challenging the sufficiency of the pleading of the FCA claims with respect to Rule 9(b). Indeed, one of the cases on which Relator's opposition primarily relies supports Defendants' position rather than Relator's. Relator misleadingly cites *Justm2J LLC v. Brewer*, 2025 WL 2402708 (E.D. Cal. Aug. 19, 2025), for the assertion that "this District Court recently decided a similar case in which it denied Defendants'

---

[1] The possibility that Relator may seek leave to amend sometime in the future upon dismissal of Relator's Complaint does not alter this analysis and was not a factor considered by the Court in *Modglin* or the cases cited therein. *See, e.g., East Bay Muni. Utility Dist. v. Balfour Beatty Infrastructure, Inc.*, 2013 WL 6698897, at *9 (N.D. Cal. Dec. 19, 2013) (allowing relator leave to amend but concluding nonetheless that discovery should be stayed because "Qui Tam Plaintiffs are not entitled to take further discovery until they file a complaint that complies with Rule 9(b)"); *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997) ("Second, in granting leave to amend, the Court did not intend to permit plaintiff to engage in formal discovery in order to cure the Rule 9(b) deficiencies noted in the May 27, 1997 Order. Indeed, one purpose of Rule 9(b) particularity requirements is to inhibit the filing of a complaint as a pretext for the discovery of unknown wrongs."). Relator's argument would allow *qui tam* relators to undermine the protections afforded to a defendant under Rule 9(b) in virtually every case by demanding the keys to discovery based on nothing more than mere speculation about the possibility of filing an amended complaint.

- 2 -
**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY DISCOVERY**

motion to stay discovery pending resolution of their motions to dismiss." (Opp. at 7.) But, in that case, the district court actually recognized the unique nature of cases in which FCA claims have been asserted, and, citing *Modglin*, underscored the fact that such cases "by definition involve 'insiders privy to a fraud on the government' who as 'insiders should have adequate knowledge of wrongdoing at issue' to 'be able to comply with Rule 9(b).'" *Id.* at *7 (citing *Modglin*, 2014 WL 12564275, at * 2). The district court then distinguished the request for the stay at issue because, unlike *Modglin*, it did not involve FCA claims.[2]

Relator's opposition next rehashes arguments made in response to Defendants' motions to dismiss, asserting both that the "government's claims are sufficiently pleaded under the FCA and CFCA" and that "Defendants' motions are not clearly meritorious." (Opp. at 8, 9.)[3] Relator does not address the fact that the merits of the pending motion to dismiss were not a consideration for the district court in *Modglin*; rather, it was the unique nature of FCA claims that primarily informed its decision to stay discovery. Even if the merits of the pending motions to dismiss were a consideration, Defendants have explained why Relator's Complaint failed to meet Rule 9(b)'s particularity requirement under Ninth Circuit precedent and why Relator may not assert claims directly under the Anti-Kickback Statute ("AKS"). Citing *Ebeid*, Relator's opposition

---

[2] Relator's opposition misleadingly cites other cases, as well. For example, it suggests that numerous other criteria must be satisfied for discovery to be stayed, including that "[t]here must also be no suggestion that a delay will harm the opposing party, nor must the opposing party demonstrate any need for discovery to begin before the motion is resolved." (Opp. at 5 (citing *Patten v. Deschamps*, 2018 WL 6307895, at *2 (C.D. Cal. Sept. 7, 2018).) *Patten*, which granted a stay of discovery, does not stand for the proposition advanced by Relator. Rather, the court merely noted that a stay "will not prejudice any party given that the Court's Scheduling Order can be modified as appropriate." Likewise, Relator's citation to *Nguyen v. BMW of N. Am., LLC*, 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021), for the assertion that "[t]he moving party must show it will be prejudiced in the form of burden and expense if discovery proceeds before the motion to dismiss is resolved," is misplaced. (Opp. at *5.) In *Nguyen*, the court stayed discovery and merely noted that "additional considerations support the stay," including that a brief delay would not prejudice the plaintiff and defendants would be prejudiced because the matter may be sent to arbitration and that a stay would allow the court to "avoid any potentially unnecessary judicial expenditures such as discovery disputes…." *Id.* at *4.

[3] Of course, both the United States and California declined to intervene. While both remain the real parties in interest, the claims at issue have been asserted in Relator's Complaint and not any complaint filed by either the United States or California.

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY DISCOVERY**

resorts to misstating Ninth Circuit precedent concerning Rule 9(b)'s pleading requirements, by asserting that the "Ninth Circuit does not require exemplar false claims to be identified at the pleading stage when a relator alleges a systematic, scheme-wide billing fraud." (Opp. at 10.) But *Ebeid* said no such thing. Rather, as Defendants' motions to dismiss make clear, the Ninth Circuit requires that a relator must "allege the details of a scheme to submit false claims *paired with reliable indicia that lead to a strong inference that claims were actually submitted.*" *United States ex rel. Ebeid v. Lungwitz*, 616 F.3d 993, 998-99 (9th Cir. 2010) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (emphasis supplied)).

As to the Complaint's AKS claim, Relator's opposition also misrepresents that the Complaint "pleads FCA and CFCA claims, using AKS violations as a predicate for falsity." (Opp. at 9.) No matter how often Relator repeats such a statement in filings with the Court, the Complaint itself asserts a claim directly under the AKS, for which there is no private right of action. (*See* Compl., Third Claim: Violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7B(B).)

Finally, Relator's assertion that Defendants' motion to stay "rests on material misstatements and is a pretextual delay tactic" (Opp. at 10, 13-15), is untrue. Defendants accurately described their efforts to meet and confer with Relator as to the relief sought by the motion to stay and Relator's response. (Dkt. 43, at i-ii, n.2.) Defendants also accurately described the track record of "Relator's principal" in other litigation, including the fact that there has been a determination by a state trial court that Relator's principal, Dr. Alai, is a vexatious litigant, and the fact that Dr. Alai has represented the same Relator as counsel in related state court proceedings under the name Ally Alain. These facts are certainly relevant to the consideration of whether discovery should be stayed because of the likely prejudice to Defendants that would result from discovery, particularly when that discovery would be pursued by a vexatious litigant acting as party, necessary witness and advocate. These same facts are

- 4 -
**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY DISCOVERY**

also relevant to the preservation of the Court's resources, which would be required to address such discovery.[4]

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court stay discovery during the pendency of Defendants' motions to dismiss.

Respectfully submitted,

Dated: March 25, 2026                LAW OFFICES OF STEVEN GOLDSOBEL,
                                     A PROFESSIONAL CORPORATION

                                     By:  */s/ Steven M. Goldsobel*
                                          STEVEN M. GOLDSOBEL
                                          FRANCISCA M. MOK
                                          VANDAD KHOSRAVIRAD

                                          MATTHEW CURLEY (admitted pro hac vice)
                                          JOHN EASON (admitted pro hac vice
                                          BASS, BERRY & SIMS PLC
                                          21 Platform Way South, Suite 3500
                                          Nashville, TN 37203
                                          Telephone: (615) 742-7790
                                          mcurley@bassberry.com
                                          jeason@bassberry.com

                                          Attorneys for Defendants STERLING
                                          PATHOLOGY MEDICAL CORPORATION,
                                          CHANGGAO YANG, M.D., ELITE MEDICAL
                                          BILLING CORPORATION, AND JENNY
                                          CHANG

---

[4] Pointing out publicly available factual information concerning "Relator's principal" and the litigation track record of that individual does not constitute retaliation or the threatening of criminal, administrative or disciplinary charges, as Relator contends. Neither Defendants, nor Defendants' counsel has threatened criminal, administrative or disciplinary charges against Relator, Relator's principal or Relator's counsel of record, nor has Relator pointed to any facts to the contrary.

- 5 -

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY DISCOVERY**