STEVEN M. GOLDSOBEL (State Bar No. 166405)
FRANCISCA M. MOK (State Bar No. 206063)
VANDAD KHOSRAVIRAD (State Bar No. 253703)
LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
steve@sgoldsobel.com
francisca@sgoldsobel.com
vandad@sgoldsobel.com

Attorney for Defendants
STERLING PATHOLOGY MEDICAL
CORPORATION, CHANGGAO YANG,
M.D., ELITE MEDICAL BILLING
CORPORATION, AND JENNY CHANG
AKA JENNY AU

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>ELITE MEDICAL BILLING CORPORATION, STERLING PATHOLOGY MEDICAL CORPORATION, CHANGGAO YANG, M.D., MICHAEL OKUNIEWSKI, ELLIE LEKOV, M.D., JENNY CHANG, and Does 1-10,<br><br>          Defendants.<br>_____ | Case No. 1:23-CV-00756-KES-FJS<br><br>**DECLARATION OF STEVEN GOLDSOBEL IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF: CONTINUANCE OF SCHEDULING CONFERENCE** |

—

**DECLARATION OF STEVEN GOLDSOBEL IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF: CONTINUANCE OF SCHEDULING CONFERENCE**

## DECLARATION OF STEVEN GOLDSOBEL

I, Steven Goldsobel, declare as follows:

1. I am counsel of record on behalf of Defendants Sterling Pathology Medical Corporation, Dr. Changgao Yang, Elite Medical Billing Corporation and Jenny Chang ("Defendants") in this action. I am over eighteen (18) years of age and have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath. I make this declaration in support of Defendants' Motion to Stay Discovery and Defendants' Administrative Motion for Continuance of Scheduling Conference.

2. I am also counsel of record for those same Defendants in a state court action captioned *California ex rel. American Integra LLC v. Sterling Pathology Medical Corp.*, 21STCV00923 (Cal. Sup. Ct., Los Angeles County), which is pending in Superior Court for Los Angeles County ("State Court Litigation"). The State Court Litigation was filed by the same plaintiff as in this action, American Integra LLC.

3. On March 4, 2026, the parties conferred via videoconference in connection with the requirement to submit a Scheduling Conference Report in advance of the Scheduling Conference with the Court, previously set for March 26, 2026, which the Court later continued to May 26, 2026. I participated personally in that video conference.

4. As part of the conference, Defendants proposed a stay of discovery during the pendency of the motions to dismiss because the motions were fully dispositive and the parties did not know what, if any, parts of Relator's Complaint may survive the pending motions.

5. Relator's counsel declined that request to stay discovery.

6. Defendants again conferred with Relator's counsel via electronic mail on March 11, 2026, requesting that Relator agree to a stay of discovery. Relator responded and again declined to agree to a stay of discovery.

7. As such, on Defendants behalf, I filed a motion to stay discovery, which currently remains pending.

**DECLARATION OF STEVEN GOLDSOBEL IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF: CONTINUANCE OF SCHEDULING CONFERENCE**

8.     On April 23, 2026, Relator served Set 1 Requests for Admission and Set 1 Special Interrogatories on Defendant Changgao Yang, M.D. and served Set 1 Requests for Admission and Set 1 Special Interrogatories on Defendant Sterling Pathology.

9.     A true and correct copy of Relator's Set 1 Requests for Admission to Defendant Changgao Yang, M.D. is attached hereto as Exhibit A.

10.     A true and correct copy of Relator's Set 1 Special Interrogatories to Defendant Changgao Yang, M.D. is attached hereto as Exhibit B.

11.     A true and correct copy of Relator's Set 1 Requests for Admission to Defendant Sterling Pathology is attached hereto as Exhibit C.

12.     A true and correct copy of Relator's Set 1 Special Interrogatories to Defendant Sterling Pathology is attached hereto as Exhibit D.

13.     In light of the written discovery requests that Relator served on Defendants, Defendants hereby request that the May 26, 2026 Scheduling Conference be continued until such time as the Magistrate rules on the pending motion to stay discovery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 29th day of April 2026, at Los Angeles, California.

/s/ Steven Goldsobel
Steven Goldsobel

**DECLARATION OF STEVEN GOLDSOBEL IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF: CONTINUANCE OF SCHEDULING CONFERENCE**

# EXHIBIT A

Gloria Morin Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel: 949-288-3402
Email: gloria@thegjlaw.com
ATTORNEYS FOR PLAINTIFFS' RELATOR AMERICAN INTEGRA LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC<br>　　　　Plaintiffs,<br>　　v.<br>ELITE MEDICAL BILLING CORPORATION;<br>STERLING PATHOLOGY MEDICAL CORPORATION, doing business as STERLING PATHOLOGY NATIONAL LABORATORIES, (also known as STERLING PATHOLOGY MEDICAL GROUP);<br>CHANGGAO YANG, M.D. (also known as CHANG GAO YANG, and CHENGGAO YANG);<br>MICHAEL OKUNIEWSKI;<br>ELLIE LEKOV, M.D. (also known as ELLIE SUVOUZ LEKOV, and ELI LEKOV);<br>JENNY CHANG, a.k.a JENNY AU;<br>and DOES 1–10,<br>　　　　Defendants. | **Case No. 1:23-CV-0756-KES**<br>　JUDGE Hon. Kirk E. Sherriff<br><br><br>**PLAINTIFF-RELATOR'S REQUEST FOR ADMISSIONS, SET ONE TO DEFENDANT CHANGGAO YANG**<br><br><br><br>Date Served: April 23, 2026 |

1
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*　　Case No. 1:23-CV-0756-KES-FRS

**PLAINTIFF-RELATOR'S REQUEST FOR ADMISSIONS, SET ONE TO DEFENDANT CHANGGAO YANG**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff's Relator American Integra LLC ("Plaintiff"), through its attorneys, submits the following discovery requests to Defendant.

Plaintiff requests that Defendant serve its answers, in writing and under oath, to the undersigned counsel for Plaintiff at *Law Offices of Gloria Juarez 28202 Cabot Road, Suite 300 Laguna Niguel, CA 92677*, within 30 days of service of these Interrogatories. For the purpose of these Interrogatories only, Plaintiff has used the definitions set forth below.

Each interrogatory is to be answered fully and under oath or under the penalty of perjury, with such answers returned to the undersigned at his address listed.

**INSTRUCTIONS**

8. If the answer to any interrogatory is fully and fairly contained in a document, from which the answer can without unreasonable difficulty be extracted, you may answer the interrogatory by attaching a copy of such document.

9. The answers to these interrogatories shall be supplied by transmitting a copy of such to the undersigned trial attorney at the following address: 28202 Cabot Road, Suite 300 Laguna Niguel, CA 92677,  Email gloria@thegjlaw.com.

10. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

11. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or

2
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.        Case No. 1:23-CV-0756-KES-FRS*

corrective information has not otherwise been made known to us during the discovery process or in writing.

12. For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the 7claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

13. Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable.  If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

14. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

**DEFINITIONS**

20. The term "you," "yourself," "your", and "Yang" shall refer to **CHANGGAO YANG AKA CHANG YANG** and any attorneys or agents who acted behalf on its/his/her behalf. The phrase "period in question" or "relevant period" shall refer to January 1, 2013 to present, unless a specific request states otherwise.

21. **"Government Payor"** means Medicare, Medicaid, Medi-Cal, Tricare, the CARES Act fund, the HRSA COVID-19 Uninsured Program, or any other federal or state healthcare program.

22. **"Elite"** means Defendant Elite Medical Billing Corporation.

23. **"Yang"** means Defendant Changgao Yang, M.D.

3
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*     *Case No. 1:23-CV-0756-KES-FRS*

24. **"Sterling"** means Defendant Sterling Pathology Medical Group.

25. **"Chang"** means Defendant Jenny Chang, a.k.a. Jenny Au.

26. **Company 1" and "Company 2"** identified including on pages 49–50 of the Complaint refer to the entities, otherwise identified as Graphinus Fabrics and JS Fashion.

27. **Doctor "1"** identified  on page 29 of the Complaint refers to **Dr. Paul Shitabata.**

28. **Doctor "2"** identified  on page 30 of the Complaint refers to **refers to Dr. Belinda Tan.**

29. **"Patient 1"** refers to  (E.M., age 76) Sterling Accession No. DP20-0047.

30. **"Patient 2"** refers to (J.J., age 68) Sterling Accession No. DP20-0046.

31. **"Patient 3"** refers to   (W.M., age 89) Sterling Accession No. DP20-0048.

32. **"Patient 4"** refers to (M.B., age 73)  Sterling Accession No. DP20-0045.

33. "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

34. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.  The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation,

underlining, marking, or information not on the original.  The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations. Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

35. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g. , telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

36. "Including" means including, but not limited to.

37. "Person" means any natural person, corporation, company, partnership,

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*     *Case No. 1:23-CV-0756-KES-FRS*

joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

38. "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

39. "Relevant time period" means the time period stated in ¶ 1 of the Instructions.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Yang holds NPI number 1366435638.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Yang billed Government Payors for pathology services under NPI 1366435638 during the Relevant Period.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Yang billed more than 5,000 units of CPT code 88305 in calendar year 2017.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Yang billed more than 10,000 units of special stain CPT codes in calendar year 2017.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Yang's special stain billing rate exceeded 100% of his H&E specimen volume in calendar year 2017.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Yang billed Medicare more than $8,000,000 in calendar year 2017.

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*     *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 7:**

Admit that more than 50% of Yang's total Medicare revenues during the Relevant Period derived from special stain CPT codes.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Dr. Paul Shiatabata was not an employee of Sterling during the Relevant Period.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Dr. Paul Shiatabata read pathology slides for Sterling during the Relevant Period.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Dr. Paul Shiatabata performed pathology reading services for Sterling as an outside contractor.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Dr. Paul Shiatabata issued a final pathology report for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Dr. Paul Shiatabata's final report for accession no. DP20-0047 did not order a special stain.

**REQUEST FOR ADMISSION NO. 13:**  Admit that Yang signed a Sterling pathology report for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Sterling pathology report Yang signed for accession no. DP20-0047 included a special stain code.

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.       Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 15:**

Admit that Dr. Paul Shiatabata did not order the special stain code included in Yang's report for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Yang billed a Government Payor for a special stain for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the special stain billed for accession no. DP20-0047 was marked negative.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Yang retained the government payment for the special stain billed for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Yang did not refund the government payment for the special stain billed for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Dr. Paul Shiatabata issued a final pathology report for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Dr. Paul Shiatabata's final report for accession no. DP20-0046 did not order a special stain.

**REQUEST FOR ADMISSION NO. 22:**

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*     *Case No. 1:23-CV-0756-KES-FRS*

Admit that Yang signed a Sterling pathology report for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the Sterling pathology report Yang signed for accession no. DP20-0046 included a special stain code.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Dr. Paul Shiatabata did not order the special stain code included in Yang's report for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Yang billed a Government Payor for a special stain for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 26:**  Admit that the special stain billed for accession no. DP20-0046 was marked negative.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Yang retained the government payment for the special stain billed for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Yang did not refund the government payment for the special stain billed for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Dr. Paul Shiatabata issued a final pathology report for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 30:**

9
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*      *Case No. 1:23-CV-0756-KES-FRS*

Admit that Dr. Paul Shiatabata's final report for accession no. DP20-0048 did not order a special stain.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Yang signed a Sterling pathology report for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the Sterling pathology report Yang signed for accession no. DP20-0048 included a special stain code.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Dr. Paul Shiatabata did not order the special stain code included in Yang's report for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Yang billed a Government Payor for a special stain for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the special stain billed for accession no. DP20-0048 was marked negative.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Yang retained the government payment for the special stain billed for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Yang did not refund the government payment for the special stain billed for accession no. DP20-0048.

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.      Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 38:**

Admit that Doctor 2 issued a final pathology report for Patient 5 (S.B., age 61).

**REQUEST FOR ADMISSION NO. 39:**

Admit that Doctor 2's final report for Patient 5 (S.B., age 61) did not order a special stain.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Yang billed a Government Payor for more than one special stain service for Patient 5 (S.B., age 61).

**REQUEST FOR ADMISSION NO. 41:**

Admit that Sterling could not produce the special stain slides for Patient 5 (S.B., age 61) in response to a demand for those slides.

**REQUEST FOR ADMISSION NO. 42:**

Admit that LCD L36353 requires a pathologist to review the H&E-stained slide before ordering a special stain.

**REQUEST FOR ADMISSION NO. 43:**

Admit that LCD L36353 prohibits reflex pre-ordered special stains on pathology claims before a pathologist has reviewed the H&E-stained slide.

**REQUEST FOR ADMISSION NO. 44:**

Admit that 42 C.F.R. § 410.32(a) requires a treating physician order before a special stain may be billed to Medicare.

PLAINTIFF'S DISCOVERY REQUEST

*United States et al. v. Elite Medical Billing Corp. et al.*     *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 45:**

Admit that Yang knew that Dr. Paul Shiatabata had not ordered the special stains added to Dr. Paul Shiatabata's pathology reports.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Yang added special stain codes to Dr. Paul Shiatabata's pathology reports.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Yang knew that Doctor 2 had not ordered the special stains billed for Patient 5.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Yang pre-ordered special stains on prostate biopsies processed at Sterling during the Relevant Period.

**REQUEST FOR ADMISSION NO. 49:**

 Admit that Yang was required to bill Government Payors only for medically necessary services.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Yang implemented a policy whereby special stains were ordered for all pathology specimens submitted to Sterling.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Yang agreed with Lekov to employ generic physician names on Sterling pathology reports during the Relevant Period.

**REQUEST FOR ADMISSION NO. 52:**

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*     *Case No. 1:23-CV-0756-KES-FRS*

Admit that Yang agreed with Lekov to self-order special stain codes for each specimen processed at Sterling.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Yang agreed with Lekov to bill special stain codes for specimens processed at Sterling regardless of medical necessity.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Yang entered into an agreement with JS Fashion to pay JS Fashion for referring specimens to Sterling.

**REQUEST FOR ADMISSION NO. 55:**

Admit that Yang paid JS Fashion on a per-claim basis for each specimen JS Fashion referred to Sterling.

**REQUEST FOR ADMISSION NO. 56:**

Admit that Yang entered into an agreement with Graphinus Fabrics Inc. to pay Graphinus Fabrics Inc. for referring specimens to Sterling.

**REQUEST FOR ADMISSION NO. 57:**

Admit that Yang paid Graphinus Fabrics Inc. on a per-claim basis for each specimen Graphinus Fabrics Inc. referred to Sterling.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Yang signed checks drawn on the Sterling bank account payable to Graphinus Fabrics Inc. between January 6, 2022 and January 4, 2023.

**REQUEST FOR ADMISSION NO. 59:**

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*        *Case No. 1:23-CV-0756-KES-FRS*

Admit that the aggregate amount of checks payable to Graphinus Fabrics Inc. that Yang signed totaled more than $250,000.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Yang signed checks drawn on the Sterling bank account payable to JS Fashion on or about November 8, 2022.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the aggregate amount of checks payable to JS Fashion that Yang signed on or about November 8, 2022 exceeded $100,000.

**REQUEST FOR ADMISSION NO. 62:**

Admit that Yang billed a Government Payor for laboratory services performed on specimens referred to Sterling by JS Fashion.

**REQUEST FOR ADMISSION NO. 63:**

Admit that Yang billed a Government Payor for laboratory services performed on a specimen referred to Sterling by Graphinus Fabrics Inc.

**REQUEST FOR ADMISSION NO. 64:**

Admit that Yang did not obtain a written legal opinion from licensed counsel confirming that Yang's payments to JS Fashion qualified for a safe harbor under the Anti-Kickback Statute.

**REQUEST FOR ADMISSION NO. 65:**

 Admit that Yang did not obtain a written legal opinion from licensed counsel confirming that Yang's payments to Graphinus Fabrics Inc. qualified for a safe harbor under the Anti-Kickback Statute.

14
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*      *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 66:**  Admit that Yang received distributions from Sterling totaling more than $500,000 during the period January 1, 2020 through December 31, 2022.

**REQUEST FOR ADMISSION NO. 67:**  Admit that Yang holds a beneficial interest in at least one financial account held at a financial institution located outside the United States.

**REQUEST FOR ADMISSION NO. 68:**  Admit that since January 1, 2021, Yang has transferred assets exceeding $50,000 to any person outside the ordinary course of Yang's personal finances.

**REQUEST FOR ADMISSION NO. 69:**  Admit that Yang has not established a reserve fund to satisfy a potential judgment in this action.

## CERTIFICATION

The undersigned attorney for Plaintiff certifies that these discovery requests are consistent with Rule 26 of the Federal Rules of Civil Procedure and are not intended for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

DATED: April 23, 2026

/S/GJuarez\
GLORIA JUAREZ , CAL. STATE BAR. 109115\
LAW OFFICES OF GLORIA JUAREZ\
*Attorneys for Plaintiffs' Relator American Integra, LLC*

15
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.        Case No. 1:23-CV-0756-KES-FRS*

## PROOF OF SERVICE

*United States and State of California v. Elite Medical Billing Corp., et al.*

I am employed in the County of Orange, State of California. I am not party to this case and am over the age of 18. My business address is 28202 Cabot Road, Suite 300, Laguna Niguel, CA 92677. Email: gloria@thegjlaw.com. On the foregoing date, I caused to be served the following document:

1. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO STERLING PATHOLOGY**
2. **PLAINTIFF'S INTERROGATORIES, SET ONE TO STERLING PATHOLOGY**
3. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO CHANGGAO YANG**
4. **PLAINTIFF'S INTERROGATORIES, SET ONE TO CHANGGAO YANG**
5. on the interested parties at the following addresses as indicated below:

**X** (VIA ELECTRONIC SERVICE) I attached the document (s) and served the noted parties using Onelegal or another electronic method as agreed upon by the parties.

Steven M. Goldsobel (State Bar No. 166405)
Vandad Khosravirad (State Bar No. 253703)
Law Offices of Steven Goldsobel, PC
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
Email: steve@sgoldsobel.com
        vandad@sgoldsobel.com

Curley, Matthew
Email: mcurley@bassberry.com

ATTORNEYS FOR DEFENDANTS STERLING PATHOLOGY,
ELITE MEDICAL BILLING, JENNY AU, CHANGGAO YANG

Micheal Okuniewski
Email: mokuniewski9@gmail.com
DEFENDANT MICHAEL OKUNIEWSKI

Barry Hamond
Law Offices of Barry F. Hammond
5900 Sepulveda Boulevard Suite 400
Van Nuys, California 91411
Tel.: (818) 988-0457 / Cell: (818) 324-0249
Email: barham106@aol.com
SPECIALLY APPEARING FOR MICHAEL OKUNIEWSKI

**X** (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 23, 2026.

S/GJuarez
Gloria Juarez

16
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.      Case No. 1:23-CV-0756-KES-FRS*

# EXHIBIT B

Gloria Morin Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel: 949-288-3402
Email: gloria@thegjlaw.com
ATTORNEYS FOR PLAINTIFFS' RELATOR AMERICAN INTEGRA LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>ELITE MEDICAL BILLING CORPORATION;<br><br>STERLING PATHOLOGY MEDICAL CORPORATION, doing business as STERLING PATHOLOGY NATIONAL LABORATORIES, (also known as STERLING PATHOLOGY MEDICAL GROUP);<br><br>CHANGGAO YANG, M.D. (also known as CHANG GAO YANG, and CHENGGAO YANG);<br><br>MICHAEL OKUNIEWSKI;<br><br>ELLIE LEKOV, M.D. (also known as ELLIE SUVOUZ LEKOV, and ELI LEKOV);<br><br>JENNY CHANG, a.k.a JENNY AU;<br><br>and DOES 1–10,<br><br>          Defendants. | **Case No. 1:23-CV-0756-KES**<br>    JUDGE Hon. Kirk E. Sherriff<br><br><br>**PLAINTIFF-RELATOR'S INTERROGATORIES , SET ONE TO DEFENDANT CHANGGAO YANG**<br><br><br><br>Date Served: April 23, 2026 |

1
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.      Case No. 1:23-CV-0756-KES-FRS*

**INTERROGATORY NO. 1:**

For each Request for Admission that you do not admit in full, state all facts supporting your denial.

**INTERROGATORY NO. 2:**

For each Request for Admission that you do not admit in full, identify all persons with knowledge of the facts supporting the denial.

**INTERROGATORY NO. 3:**

For each Request for Admission that you do not admit in full identify all documents supporting the denial.

**CERTIFICATION**

The undersigned attorney for Plaintiff certifies that these discovery requests are consistent with Rule 26 of the Federal Rules of Civil Procedure and are not intended for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

DATED: April 23, 2026                    /S/GJuarez_____

GLORIA JUAREZ , CAL. STATE BAR. 109115
LAW OFFICES OF GLORIA JUAREZ
*Attorneys for Plaintiffs' Relator American Integra, LLC*

2
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.        Case No. 1:23-CV-0756-KES-FRS*

**PROOF OF SERVICE**

*United States and State of California v. Elite Medical Billing Corp., et al.*

I am employed in the County of Orange, State of California. I am not party to this case and am over the age of 18. My business address is 28202 Cabot Road, Suite 300, Laguna Niguel, CA 92677. Email: gloria@thegjlaw.com. On the foregoing date, I caused to be served the following document:

6. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO STERLING PATHOLOGY**
7. **PLAINTIFF'S INTERROGATORIES, SET ONE TO STERLING PATHOLOGY**
8. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO CHANGGAO YANG**
9. **PLAINTIFF'S INTERROGATORIES, SET ONE TO CHANGGAO YANG**
10. on the interested parties at the following addresses as indicated below:

**X** (VIA ELECTRONIC SERVICE) I attached the document (s) and served the noted parties using Onelegal or another electronic method as agreed upon by the parties.

Steven M. Goldsobel (State Bar No. 166405)
Vandad Khosravirad (State Bar No. 253703)
Law Offices of Steven Goldsobel, PC
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
Email: steve@sgoldsobel.com
      vandad@sgoldsobel.com

Curley, Matthew
Email: mcurley@bassberry.com

ATTORNEYS FOR DEFENDANTS STERLING PATHOLOGY, ELITE MEDICAL BILLING, JENNY AU, CHANGGAO YANG

Micheal Okuniewski
Email: mokuniewski9@gmail.com
DEFENDANT MICHAEL OKUNIEWSKI

Barry Hamond
Law Offices of Barry F. Hammond
5900 Sepulveda Boulevard Suite 400
Van Nuys, California 91411
Tel.: (818) 988-0457 / Cell: (818) 324-0249
Email: barham106@aol.com
SPECIALLY APPEARING FOR MICHAEL OKUNIEWSKI

**X** (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 23, 2026.

S/GJuarez
Gloria Juarez

3
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.       Case No. 1:23-CV-0756-KES-FRS*

# EXHIBIT C

Gloria Morin Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel: 949-288-3402
Email: gloria@thegjlaw.com
ATTORNEYS FOR PLAINTIFFS' RELATOR AMERICAN INTEGRA LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC<br><br>          Plaintiffs,<br><br>     v.<br><br>ELITE MEDICAL BILLING CORPORATION;<br><br>STERLING PATHOLOGY MEDICAL CORPORATION, doing business as STERLING PATHOLOGY NATIONAL LABORATORIES, (also known as STERLING PATHOLOGY MEDICAL GROUP);<br><br>CHANGGAO YANG, M.D. (also known as CHANG GAO YANG, and CHENGGAO YANG);<br><br>MICHAEL OKUNIEWSKI;<br><br>ELLIE LEKOV, M.D. (also known as ELLIE SUVOUZ LEKOV, and ELI LEKOV);<br><br>JENNY CHANG, a.k.a JENNY AU;<br><br>and DOES 1–10,<br><br>          Defendants. | **Case No. 1:23-CV-0756-KES**<br>     JUDGE Hon. Kirk E. Sherriff<br><br><br>**PLAINTIFF-RELATOR'S REQUEST FOR ADMISSIONS,  SET ONE TO DEFENDANT STERLING PATHOLOGY MEDICAL GROUP**<br><br><br><br>Date Served: April 23, 2026 |

1
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*      *Case No. 1:23-CV-0756-KES-FRS*

## PLAINTIFF-RELATOR'S REQUEST FOR ADMISSIONS,  SET ONE TO DEFENDANT STERLING PATHOLOGY MEDICAL GROUP

Pursuant to the Federal Rules of Civil Procedure, Plaintiff's Relator American Integra LLC ("Plaintiff"), through its attorneys, submits the following discovery requests to Defendant.

Plaintiff requests that Defendant serve its answers, in writing and under oath, to the undersigned counsel for Plaintiff at *Law Offices of Gloria Juarez 28202 Cabot Road, Suite 300 Laguna Niguel, CA 92677*, within 30 days of service of these Interrogatories. For the purpose of these Interrogatories only, Plaintiff has used the definitions set forth below.

Each interrogatory is to be answered fully and under oath or under the penalty of perjury, with such answers returned to the undersigned at his address listed.

## INSTRUCTIONS

1. If the answer to any interrogatory is fully and fairly contained in a document, from which the answer can without unreasonable difficulty be extracted, you may answer the interrogatory by attaching a copy of such document.

2.  The answers to these interrogatories shall be supplied by transmitting a copy of such to the undersigned trial attorney at the following address: 28202 Cabot Road, Suite 300 Laguna Niguel, CA 92677,  Email gloria@thegjlaw.com.

3. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

4. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the

2
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*       *Case No. 1:23-CV-0756-KES-FRS*

discovery process or in writing.

5. For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the 7claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

6. Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

7. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

**DEFINITIONS**

1. The term "you," "yourself," "your", and "Sterling" shall refer to **STERLING PATHOLOGY MEDICAL GROUP** and any attorneys or agents who acted behalf on its/his/her behalf. The phrase "period in question" or "relevant period" shall refer to January 1, 2013 to present, unless a specific request states otherwise.

2. **"Government Payor"** means Medicare, Medicaid, Medi-Cal, Tricare, the CARES Act fund, the HRSA COVID-19 Uninsured Program, or any other federal or state healthcare program.

3. **"Elite"** means Defendant Elite Medical Billing Corporation.

4. **"Yang"** means Defendant Changgao Yang, M.D.

5. **"Chang"** means Defendant Jenny Chang, a.k.a. Jenny Au.

3
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.      Case No. 1:23-CV-0756-KES-FRS*

6. **Company 1" and "Company 2"** identified including on pages 49–50 of the Complaint refer to the entities, otherwise identified as Graphinus Fabrics and JS Fashion.

7. **Doctor "1"** identified  on page 29 of the Complaint refers to **Dr. Paul Shitabata.**

8. **Doctor "2"** identified  on page 30 of the Complaint refers to **refers to Dr. Belinda Tan.**

9. **"Patient 1"** refers to  (E.M., age 76) Sterling Accession No. DP20-0047.

10. **"Patient 2"** refers to (J.J., age 68) Sterling Accession No. DP20-0046.

11. **"Patient 3"** refers to   (W.M., age 89) Sterling Accession No. DP20-0048.

12. **"Patient 4"** refers to (M.B., age 73)  Sterling Accession No. DP20-0045.

13. "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

14. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.  The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.  The term also includes information stored in, or accessible through, computer or other information

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*      *Case No. 1:23-CV-0756-KES-FRS*

retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations. Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

15. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g. , telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

16. "Including" means including, but not limited to.

17. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

18. "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

19. "Relevant time period" means the time period stated in ¶ 1 of the Instructions.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Sterling entered into a written Laboratory Services Agreement with Graphinus Fabrics Inc.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Laboratory Services Agreement with Graphinus Fabrics Inc. concerned the collection of Covid-19 specimens.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Graphinus Fabrics Inc. was not an employee of Sterling.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Sterling paid Graphinus Fabrics Inc. on a per-specimen basis.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Sterling entered into a written Laboratory Services Agreement with JS Fashion.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Laboratory Services Agreement with JS Fashion concerned the collection of Covid-19 specimens.

**REQUEST FOR ADMISSION NO. 7:**

Admit that JS Fashion was not an employee of Sterling.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Sterling paid JS Fashion on a per-specimen basis.

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*      *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 9:**

Admit that Sterling entered into a written Laboratory Services Agreement with Sierra Health.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Laboratory Services Agreement with Sierra Health concerned the collection of Covid-19 specimens.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Sierra Health was not an employee of Sterling.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Sterling paid Sierra Health on a per-specimen basis.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Sterling generated Covid-19 test reports stating TEST NOT PERFORMED.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Sterling **received** government healthcare payment for Covid-19 test reports stating TEST NOT PERFORMED.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Sterling **retained government payments** for Covid-19 test reports stating TEST NOT PERFORMED.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Sterling generated Covid-19 test reports stating INVALID test.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Sterling **received payment** from a federal healthcare program for Covid-19 test reports stating INVALID.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Sterling **retained payments** from a federal healthcare program for Covid-19 test reports stating INVALID.

7

PLAINTIFF'S DISCOVERY REQUEST

*United States et al. v. Elite Medical Billing Corp. et al.*        *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 19:**

Admit that CPT Code U0005 is used to bill for expedited Covid-19 testing.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the government provides an additional $25 add-on payment for CPT Code U0005.

**REQUEST FOR ADMISSION NO. 21:**

Admit that expedited Covid-19 testing billed under CPT Code U0005 requires reporting of results within 24 hours.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Sterling billed CPT Code U0005 for Covid-19 tests with reporting times exceeding 24 hours.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Sterling received government healthcare payment for Covid-19 expedited tests with reporting times exceeding 24 hours.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Sterling retained government payments for Covid-19 expedited tests with reporting times exceeding 24 hours.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Sterling's check no. 26032 paid to JS Fashion. for $1,116,401.49 was for Covid-19 testing referrals.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Sterling's check no. 26032 paid to JS Fashion. for $1,116,401.49 was for Covid-19 testing.

**REQUEST FOR ADMISSION NO. 27:**

Admit that payments to JS Fashion were for Covid-19 related services.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Sterling issued check no. 24860 to JS Fashion in the amount of $100,000.00.

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*      *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 29:**

Admit that Sterling issued check no. 25066 to JS Fashion in the amount of $50,000.00.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Sterling issued check no. 25140 to JS Fashion in the amount of $30,000.00.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Sterling issued check no. 25332 to JS Fashion in the amount of $100,000.00.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Sterling's payment to JS Fashion for $100,000 on 1/19/2022 was for Covid-19 specimen collection services.

**REQUEST FOR ADMISSION NO. 33**

Admit that Sterling issued a payment to JS Fashion on January 19, 2022.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Sterling had no licensed pathologists in the state of Florida when it billed for services.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Sterling billed for pathology services in states where it had no licensed pathologists.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Sterling accession no. DP20-0047 is identified as Patient 1 (E.M., age 76) in the Complaint..

**REQUEST FOR ADMISSION NO. 37:**

Admit that Sterling billed the government for a special stain for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the special stain for accession no. DP20-0047 was marked negative.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the special stain for accession no. DP20-0047 was not requested by the treating physician.

9

PLAINTIFF'S DISCOVERY REQUEST

*United States et al. v. Elite Medical Billing Corp. et al.*     *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 40:**

Admit that the special stain for accession no. DP20-0047 was not medically necessary.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Sterling retained government payment for the special stain for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Sterling did not refund government payment for the special stain for accession no. DP20-0047.

**REQUEST FOR ADMISSION NO. 43:**

Admit that accession no. DP20-0046 is identified as Patient 2 (J.J., age 68) in the Complaint at page 34.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Sterling billed the government for a special stain for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the special stain for accession no. DP20-0046 was marked negative.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the special stain for accession no. DP20-0046 was not requested by the treating physician.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the special stain for accession no. DP20-0046 was not medically necessary.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Sterling retained government payment for the special stain for accession no. DP20-0046.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Sterling did not refund government payment for the special stain for accession no. DP20-0046.

10

PLAINTIFF'S DISCOVERY REQUEST

*United States et al. v. Elite Medical Billing Corp. et al.*        *Case No. 1:23-CV-0756-KES-FRS*

**REQUEST FOR ADMISSION NO. 50:**

Admit that accession no. DP20-0048 is identified as Patient 3 (W.M., age 89) in the Complaint .

**REQUEST FOR ADMISSION NO. 51:**

Admit that Sterling billed the government for a special stain for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the special stain for accession no. DP20-0048 was marked negative.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the special stain for accession no. DP20-0048 was not requested by the treating physician.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the special stain for accession no. DP20-0048 was not medically necessary.

**REQUEST FOR ADMISSION NO. 55:**

Admit that Sterling retained government payment for the special stain for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 56:**

Admit that Sterling did not refund government payment for the special stain for accession no. DP20-0048.

**REQUEST FOR ADMISSION NO. 57:**

Admit that accession no. DP20-0045 is identified as Patient 4 (M.B., age 73) in the Complaint at page 35.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Sterling billed the government for a special stain for accession no. DP20-0045.

**REQUEST FOR ADMISSION NO. 59:**

Admit that the special stain for accession no. DP20-0045 was marked negative.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the special stain for accession no. DP20-0045 was not requested by the treating physician.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the special stain for accession no. DP20-0045 was not medically necessary.

**REQUEST FOR ADMISSION NO. 62:**

Admit that Sterling retained government payment for the special stain for accession no. DP20-0045.

**REQUEST FOR ADMISSION NO. 63:**

Admit that Sterling did not refund government payment for the special stain for accession no. DP20-0045.

**REQUEST FOR ADMISSION NO. 64:**

Admit that Sterling pre-ordered special stains on prostate biopsies.

**REQUEST FOR ADMISSION NO. 65:**

Admit that Sterling was required to bill the government only for medically necessary services.

**CERTIFICATION**

The undersigned attorney for Plaintiff certifies that these discovery requests are consistent with Rule 26 of the Federal Rules of Civil Procedure and are not intended for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

DATED: April 23, 2026                    /S/GJuarez

GLORIA JUAREZ , CAL. STATE BAR. 109115
LAW OFFICES OF GLORIA JUAREZ
*Attorneys for Plaintiffs' Relator American Integra, LLC*

12
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*        Case No. 1:23-CV-0756-KES-FRS

**PROOF OF SERVICE**

*United States and State of California v. Elite Medical Billing Corp., et al.*

I am employed in the County of Orange, State of California. I am not party to this case and am over the age of 18. My business address is 28202 Cabot Road, Suite 300, Laguna Niguel, CA 92677. Email: gloria@thegjlaw.com. On the foregoing date, I caused to be served the following document:

1. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO STERLING PATHOLOGY**
2. **PLAINTIFF'S INTERROGATORIES, SET ONE TO STERLING PATHOLOGY**
3. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO CHANGGAO YANG**

on the interested parties at the following addresses as indicated below:

**X** (VIA ELECTRONIC SERVICE) I attached the document (s) and served the noted parties using Onelegal or another electronic method as agreed upon by the parties.

Steven M. Goldsobel (State Bar No. 166405)
Vandad Khosravirad (State Bar No. 253703)
Law Offices of Steven Goldsobel, PC
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
Email: steve@sgoldsobel.com
     vandad@sgoldsobel.com

Curley, Matthew
Email: mcurley@bassberry.com

ATTORNEYS FOR DEFENDANTS STERLING PATHOLOGY, ELITE MEDICAL BILLING, JENNY AU, CHANGGAO YANG

Micheal Okuniewski
Email: mokuniewski9@gmail.com
DEFENDANT MICHAEL OKUNIEWSKI

Barry Hamond
Law Offices of Barry F. Hammond
5900 Sepulveda Boulevard Suite 400
Van Nuys, California 91411
Tel.: (818) 988-0457 / Cell: (818) 324-0249
Email: barham106@aol.com
SPECIALLY APPEARING ATTORNEYS FOR DEFENDANT
MICHAEL OKUNIEWSKI  IN LIMITED SCOPE

**X** (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 23, 2026.

                                   S/GJuarez
                                   Gloria Juarez

13
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*        Case No. 1:23-CV-0756-KES-FRS

# EXHIBIT D

Gloria Morin Juarez, California State Bar No. 109115
**LAW OFFICES OF GLORIA JUAREZ**
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
Tel: 949-288-3402
Email: gloria@thegjlaw.com
ATTORNEYS FOR PLAINTIFFS' RELATOR AMERICAN INTEGRA LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, *ex rel.* AMERICAN INTEGRA LLC<br>　　　　Plaintiffs,<br>　　v.<br><br>ELITE MEDICAL BILLING CORPORATION;<br><br>STERLING PATHOLOGY MEDICAL CORPORATION, doing business as STERLING PATHOLOGY NATIONAL LABORATORIES, (also known as STERLING PATHOLOGY MEDICAL GROUP);<br><br>CHANGGAO YANG, M.D. (also known as CHANG GAO YANG, and CHENGGAO YANG);<br><br>MICHAEL OKUNIEWSKI;<br><br>ELLIE LEKOV, M.D. (also known as ELLIE SUVOUZ LEKOV, and ELI LEKOV);<br><br>JENNY CHANG, a.k.a JENNY AU;<br><br>and DOES 1–10,<br><br>　　　　Defendants. | **Case No. 1:23-CV-0756-KES**<br>　JUDGE Hon. Kirk E. Sherriff<br><br><br>**PLAINTIFF-RELATOR'S INTERROGATORIES , SET ONE TO DEFENDANT STERLING PATHOLOGY MEDICAL GROUP**<br><br><br><br><br>Date Served: April 23, 2026 |

1
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*　　Case No. 1:23-CV-0756-KES-FRS

**INTERROGATORY NO. 1:**

For each Request for Admission that you do not admit in full, state all facts supporting your denial.

**INTERROGATORY NO. 2:**

For each Request for Admission that you do not admit in full, identify all persons with knowledge of the facts supporting the denial.

**INTERROGATORY NO. 3:**

For each Request for Admission that you do not admit in full identify all documents supporting the denial.

**INTERROGATORY NO. 4:**

Identify each physician who ordered a special stain for each accession identified in Requests for Admission Nos. 36–63.

**INTERROGATORY NO. 5:**

State all facts supporting your contention that each special stain billed for the accessions identified in Requests for Admission Nos. 36–63 was medically necessary.

**INTERROGATORY NO. 6:**

Identify each claim submitted to a government healthcare program for special stains for the accessions identified in Requests for Admission Nos. 36–63.

**INTERROGATORY NO. 7:**

State the amount billed to the government for each special stain identified in Interrogatory No. 6.

**INTERROGATORY NO. 8:**

State the amount paid by the government for each special stain identified in Interrogatory No. 6.

**INTERROGATORY NO. 9:**

Identify all refunds issued to any government healthcare program for special stains billed from January 1, 2013 to present.

**INTERROGATORY NO. 10:**

State the total number of Covid-19 test reports generated stating TEST NOT PERFORMED.

2

PLAINTIFF'S DISCOVERY REQUEST

*United States et al. v. Elite Medical Billing Corp. et al.*    *Case No. 1:23-CV-0756-KES-FRS*

**INTERROGATORY NO. 11:**
State the total amount received from any government healthcare program for Covid-19 test reports stating TEST NOT PERFORMED from January 1, 2020 to present.

**INTERROGATORY NO. 12:**
State the total amount refunded, if any, for Covid-19 test reports stating TEST NOT PERFORMED from January 1, 2020 to present.

**INTERROGATORY NO. 13:**
State the number of Covid-19 tests billed under CPT Code U0005 from January 1, 2020 to present.

**INTERROGATORY NO. 14:**
State the number of tests billed under CPT Code U0005 that were not reported within 24 hours, from January 1, 2020 to present.

**INTERROGATORY NO. 15:**
State the total amount received for tests billed under CPT Code U0005 that were not reported within 24 hours, from January 1, 2020 to present.

**INTERROGATORY NO. 16:**
Identify all payments made to Graphinus Fabrics Inc., JS Fashion, and Sierra Health relating to Covid-19 specimen collection.

**INTERROGATORY NO. 17:**
State the basis for calculating payments made on a per-specimen basis to Graphinus Fabrics Inc., JS Fashion, and Sierra Health.

**INTERROGATORY NO. 18:**
Identify each state in which Sterling billed for pathology services from January 1, 2013 to present.

**INTERROGATORY NO. 19:**
Identify each licensed pathologist employed or contracted by Sterling in each state identified in Interrogatory No. 18.

**INTERROGATORY NO. 20:**
Identify the total payments Sterling received for Covid testing from January 1, 2020 to present.

## CERTIFICATION

The undersigned attorney for Plaintiff certifies that these discovery requests are consistent with Rule 26 of the Federal Rules of Civil Procedure and are not intended for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

DATED: April 23, 2026                    /S/GJuarez_____

GLORIA JUAREZ , CAL. STATE BAR. 109115
LAW OFFICES OF GLORIA JUAREZ
*Attorneys for Plaintiffs' Relator American
Integra, LLC*

PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.      Case No. 1:23-CV-0756-KES-FRS*

**PROOF OF SERVICE**

*United States and State of California v. Elite Medical Billing Corp., et al.*

I am employed in the County of Orange, State of California. I am not party to this case and am over the age of 18. My business address is 28202 Cabot Road, Suite 300, Laguna Niguel, CA 92677. Email: gloria@thegjlaw.com. On the foregoing date, I caused to be served the following document:

1. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO STERLING PATHOLOGY**
2. **PLAINTIFF'S INTERROGATORIES, SET ONE TO STERLING PATHOLOGY**
3. **PLAINTIFF'S REQUESTS FOR ADMISSIONS SET ONE TO CHANGGAO YANG**

on the interested parties at the following addresses as indicated below:

**X** (VIA ELECTRONIC SERVICE) I attached the document (s) and served the noted parties using Onelegal or another electronic method as agreed upon by the parties.

Steven M. Goldsobel (State Bar No. 166405)
Vandad Khosravirad (State Bar No. 253703)
Law Offices of Steven Goldsobel, PC
1901 Avenue of the Stars, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 552-4848
Email: steve@sgoldsobel.com
          vandad@sgoldsobel.com

Curley, Matthew
Email: mcurley@bassberry.com

ATTORNEYS FOR DEFENDANTS STERLING PATHOLOGY,
ELITE MEDICAL BILLING, JENNY AU, CHANGGAO YANG

Micheal Okuniewski
Email: mokuniewski9@gmail.com
DEFENDANT MICHAEL OKUNIEWSKI

Barry Hamond
Law Offices of Barry F. Hammond
5900 Sepulveda Boulevard Suite 400
Van Nuys, California 91411
Tel.: (818) 988-0457 / Cell: (818) 324-0249
Email: barham106@aol.com
SPECIALLY APPEARING ATTORNEYS FOR DEFENDANT
MICHAEL OKUNIEWSKI  IN LIMITED SCOPE

**X** (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 23, 2026.

S/GJuarez
Gloria Juarez

5
PLAINTIFF'S DISCOVERY REQUEST
*United States et al. v. Elite Medical Billing Corp. et al.*        *Case No. 1:23-CV-0756-KES-FRS*